PATRICIA TAYLOR v. PLASTICS RESEARCH AND DEVELOPMENT CORP., ET AL

4711                                    433 S.W. 2d 830

Opinion Delivered November 18, 1968

*Sam Sexton, Jr.* and *Franklin Wilder* for appellant.

*Shaw, Jones & Shaw* for appellees.

LYLE BROWN, Justice. The Workmen's Compensation Commission denied appellant Patricia Taylor's claim for benefits beyond six months temporary total disability. On appeal to the circuit court the Commission was affirmed. An accidental injury concededly arose in the course of appellant's employment; however, it was held that she no longer suffers from that injury. The only question on appeal is whether the holding is sustained by the evidence.

From February until early May 1966, claimant worked in a spray paint area where some type of lead paint was sprayed on air conditioners. While spraying without a mask, claimant suffered a fainting spell which she attributed to a sudden explosive feeling in her chest, caused, so she asserted, from breathing paint fumes. She was taken to a doctor for emergency but the nature of the treatment is not in the record. She was not hospitalized at that time but apparently was an out-patient for a few weeks. Thereafter and in early July, claimant was sent to Dr. H. C. Darnall, a thoracic and chest surgeon. Physical examination showed the chest, heart, and lungs to be clear and there was no temperature. The patient continued to complain of difficulty in the bronchial tree and she was hospitalized. After a week's observation, Dr. Darnall suspected a chemical allergic bronchitis which, after the brief period of hospitalization, had cleared. The breathing of the fumes could, in the doctor's opinion, have been the precipitating factor in the onset of the incident in May. However, he found no disability arising from that attack. He advised that claimant desist from working around the fumes.

Since Dr. Darnall could not discern physical findings which would resolve the source of the complaints which persisted, he referred claimant to Dr. McDonald Poe, specializing in internal medicine. Dr. Poe, after seeing claimant regularly for a number of weeks, categorized her problems as three-fold: (1) poor posture and breathing habits; (2) the responsibilities of caring for an invalid husband and five children and the after-effects of a hysterectomy, all combining to create a substantial emotional problem; and (3) an apparent allergy to certain types of paint fumes, which in the doctor's opinion could be overcome by conquering the emotional problem and improving her posture and breathing habits.

When the medical evidence which has been summarized was presented to the Commission, appellees were directed to arrange for claimant's examination by a Little Rock doctor selected by the Commission, authorizing that doctor to call in an allergy specialist if he desired. She was examined by Dr. Grimsley Graham, specializing in thoracic and cardiovascular ailments. Dr. Graham gained the "impression that this patient might possibly have an allergic bronchitis." Yet there were no subjective findings to support that impression. His physical findings were completely negative. Dr. Graham referred claimant to an allergy specialist. All tests, both for allergies and asthma, were negative, but it was stated that no satisfactory test for allergy to fumes has been devised. That specialist concluded that the experience with the spray paint could not be the cause of her present trouble, that is, insofar as his area of tests and experience were concerned. It was his experience that those who react to fumes get almost immediate relief when they are removed from the area.

Our summary of testimony of all the doctors is not to insinuate that no statements made by them gave credence to a possible disability resulting from the experience with the spray paint. Careful and detailed cross-examination of a medical expert will usually bring forth statements which are encouraging to the cause of a claimant. Nevertheless, with the positive testimony we have summarized we certainly cannot say it was insubstantial; in fact, we think it amply supports the Commission's finding that claimant is not suffering from any injury resulting from the breathing of the fumes. Our workmen's compensation law is to be liberally construed in favor of the employee; however, a claimant has the burden of establishing the extent of the asserted injury. And when the Commission makes a finding of fact, that finding carries the weight of a jury conclusion. These are axioms which need no citation of authority.

Affirmed.