EMERSON ELECTRIC COMPANY, Rogers, Arkansas
*v.* Iona Mae WILLIAMS

CA 80-151                                                 603 S.W. 2d 443

Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*Croxton & Boyer*, for appellant.

*Davis, Bracey & Heuer*, by: *Charles E. Davis*, for appellee.

Marian F. Penix, Judge. Iona Mae Williams claims to have suffered total temporary disability from November 23, 1978 through December 29, 1978 resulting from a back injury incurred while working at Emerson Electric. The injury allegedly occurred November 22, 1978. The Administrative Law Judge held the claim to be compensable. The Workers' Compensation Commission affirmed. Emerson Electric (self-insured) brings this appeal.

Emerson Electric contends the evidence before the Commission was not sufficient to support the award and was so nearly undisputed that fair-minded men could not reach the conclusion arrived at by the Commission. Emerson contends claimant's ailments were ovary infection, hemorrhoids and not work related.

Claimant Williams testified she was picking up a box of end shields when the back injury occurred. She stated she told her subforeman, Ron Self, she had hurt her back. Self testified she said, "My back hurts." Claimant testified after she reported to Self she had hurt her back, he replied, "I've hurt mine many times." Claimant continued to work although at the time of her back injury she began to bleed from a hemorrhoid. She reported the bleeding and the back discomfort to George Elders, supervisor in packing. This was about halfway through the 3:00 p.m. to 12:00 midnight shift. She reported to Elders she didn't know whether or not Ron Self had made a written report of the incident. Claimant testified she went to Bentonville Hospital that same night and saw the emergency nurse. The next day was Thanksgiving. The plant did not operate on Friday. The following Monday Claimant saw Dave Poff, the personnel manager, who advised her not to come in to work. She was examined by Dr. Arkins. In a December 11, 1978 letter, Dr. Arkins wrote to Emerson's personnel manager Poff:

> This is a follow-up of our conversation of December 7, 1978, concerning the questionable Workmen's Compensation claim on Mrs. Williams. According to the history she now gives me, she hurt her back in mid-September while lifting there at Emerson. She did not report this to anyone and states that she merely thought it was back pain from a kidney infection. However, she has continued to have back pain which is relieved with bed rest. My first exam on 11-27-78 confirmed findings compatible with low back strain with questionable disc involvement and she was started on bed rest, and given pain mediciation which improved her symptoms. . .

Dr. Arkins referred her to Dr. Carl M. Kendrick, an

orthopedic surgeon. Dr. Kendrick, in a letter dated December 28, 1978 reported that in his December 12, 1978 examination of claimant "It was my diagnosis at that point that she had resolving strain to her back. .. I have recommended she resume her work in light duty and asked her to return to see me in two weeks."

The evidence is undisputed. Claimant was lifting heavy boxes in the end shield department when she complained of back pain. She was forced to go to Dr. Arkins on Christmas Day to receive a shot for back pain. Although Dr. Kendrick released her to go back to work on December 12, 1978 — he specified the release was for "light duty". On December 26, 1978, the claimant was suffering back pain and leg numbness and was again forced to seek Dr. Kendrick's medical attention.

The Commission had before it the Claimant's testimony and the reports of the two treating physicians. The Commission found sufficient evidence to support its finding the Claimant's injury was work-related.

In review of this case, it is the duty of this court to draw every legitimate inference possible in favor of the appellee.

In *Continental Insurance Co.* v. *Richard*, 267 Ark. 673, 596 S.W. 2d 332 (1980) our court stated:

> ... The Court on Appeal is required to review the evidence in the light most favorable to the finding of the Commission, and give the testimony its strongest probative value in favor of the order of the Arkansas Workers' Compensation Commission. The issue on appeal is not whether this court would have reached the same results as the Commission on this record, or whether the testimony would have supported a finding contrary to the one made; the question ... is whether the evidence supports the finding which the Commission made.

We find sufficient evidence to support the Commission's determination the Claimant suffered a compensable, job-

related injury and was temporarily totally disabled from November 23, 1978 through December 29, 1978. We agree with the Commission the Claimant has successfully carried her burden of proof in showing she received a compensable injury. Therefore we affirm.

The Claimant asks for $59.25 printer's fees for the appeal brief and $250.00 attorney's fees for services rendered in connection with this appeal. These requests are granted.

Affirmed.