PORTER SEED CLEANING, INCORPORATED et al
*v.* Mitch SKINNER

CA 81-23                                    615 S.W. 2d 380

Court of Appeals of Arkansas
Opinion delivered April 29, 1981
[Rehearing denied June 3, 1981.]

*Chester C. Lowe, Jr.*, for appellants.

*Jesse B. Daggett*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from a determination by the Workers' Compensation Commission that at the time of decedent's death, his minor son was entitled to receive maximum dependency benefits. At the hearing before the Administrative Law Judge, it was stipulated that the decedent was an employee of the appellant and that his death arose out of and in the course of his employment.

It is not disputed that the decedent and his wife were separated at the time of death. The testimony indicated that decedent and claimant saw each other several times a week and that he did provide approximately $100.00 per month for his child. He also carried insurance on his son through his employer. The parties were never divorced nor was there ever a court order establishing support payments.

Several recent cases have dealt with a similar problem as is presented in this case. These cases followed the amendment to Ark. Stat. Ann. § 81-1315 (c) (Repl. 1976). That amendment changed the statute. so that it provided that death benefits were payable to persons who were "wholly and actually" dependent upon the deceased employee. Prior to the amendment benefits were payable to persons wholly dependent. In *Chicago Mill and Lumber Company* v. *Smith*, 228 Ark. 876, 310 S.W. 2d 803 (1958), the Arkansas Supreme Court stated that:

We believe the Legislature used the term 'wholly dependent' in the sense of applying to those ordinarily

recognized in law as dependents and this would certainly include wife and children:

In the first case decided after the amendment, *Roach Manufacturing Co.* v. *Cole*, 265 Ark. 908, 582 S.W. 2d 268 (1979), the Court reaffirmed its decision in *Chicago Mill*, supra. The Court found that although the wife had made no efforts to secure support, nor had the husband paid any support during his eleven month absence, the child still had a reasonable expectation of support. The Court found that the child was actually dependent upon the father although he had contributed no support. In the *Roach* case the Arkansas Supreme Court determined that the Legislature intended, by inserting the phrase "and actually", to change the conclusive presumption of dependency established under prior case law and required some showing of actual dependency. Thus, following *Roach*, a child to whom a parent owed a duty of support, and who had a reasonable expectation of support was "wholly and actually" dependent upon that parent.

In *Doyle's Concrete Finishers* v. *Moppin*, 267 Ark. 874, 596 S.W. 2d 1 (Ark. App. 1979), the Arkansas Court of Appeals dealt with a similar situation. The father was obligated under a divorce decree to pay $108.00 per month in support though the actual amount paid exceeded that sum. The sole issue in the case was whether the minor child of a deceased worker, whose death was the result of a work-related injury, was entitled to the maximum benefits under the Workers' Compensation Act as a matter of law, or entitled only to the extent to which the minor child is actually dependent upon the deceased parent.

The Court discussed *Chicago Mill* and *Roach*, supra, and determined that dependency was a matter of fact rather than law, and therefore that the partial dependency provisions of the Act applied. The Court further pointed out that *Roach* did not solve the problem, for the holding there

... affirms the Commission's award of maximum benefits to a dependent minor who was receiving nothing from the deceased parent — it did so on a

finding that there was substantial evidence to support the Commission's award of maximum benefits to the minor child, who was found to be 'wholly and actually' dependent upon the decedent.

The Court went on to agree that appellant's argument was logical, since *Roach* indicated that the partial dependency provisions must apply whenever a dependent was not totally supported by the deceased parent. The Court expressed concern that if that interpretation were adopted there would be a distinction drawn between children residing with both parents as opposed to those who were not.

The Court further stated that it could envision a situation where a minor child, regardless of his living situation, might have independent resources, and therefore might not be dependent upon the parents for purposes of the Workers' Compensation Act. The Court concluded that a minor child, receiving some support, was entitled to no less in benefits than a child (as in *Roach*) who was receiving nothing but who had a reasonable expectation of support. The award was affirmed on a finding of substantial evidence to support the determination by the Commission that Brad Moppin was actually dependent upon the decedent at the time of death.

The Arkansas Supreme Court granted certiorari to review the *Moppin* decision by the Court of Appeals. In *Doyle's Concrete Finishers* v. *Moppin*, 268 Ark. 167, 594 S.W. 2d 243 (1980), the Court determined that the question of dependency of a minor child was one of fact. The Court pointed out that, following the amendment of Ark. Stat. Ann. § 81-1315 (c), the purported dependent must be wholly and actually dependent on the decedent. The Supreme Court reviewed its holding in *Roach*, and stated that:

> ... when the widow and the child, as here, are not living with the employee at the time of his death, 'there must be some showing of actual dependency' ....

The Court found that the child was "actually" dependent on the decedent because of the obligation to make

support payments (and his actual payment of it plus other sums) and because of the reasonable expectation of future support. The Court then stated:

> ... Certainly, if, as in *Roach*, the child who received no financial support was entitled to maximum benefits, it must be said that a child, as here, who receives some financial support, should be entitled to no less than the maximum benefits. ...

The Court then indicated that ordinarily it would remand the case to the Commission for a factual finding as to dependency but found that action unnecessary since under the facts, the Commission could have made only one finding, that the child was wholly and "actually" dependent upon the deceased. The opinion of the Court of Appeals was affirmed.

In the third case decided following the 1976 amendment, *Continental Insurance Company* v. *Richard*, 268 Ark. 671, 596 S.W. 2d 332 (Ark. App. 1980), the Court dealt with a situation where the decedent regularly contributed to the support of his mentally deficient child. The Court stated:

> ... Since he did this, the test of "wholly dependent" is met with the definition in the *Chicago Mill Company* case, supra, which was reaffirmed by the *Roach* case, supra. The test of "actual" dependency has been satisfied beyond the definition of the *Roach* case in that Frank Richard contributed to the support of his child and the child was "actually" dependent upon his father.

Under the holding in *Chicago Mill*, and *Roach*, supra, persons who are ordinarily recognized in law as dependents, including a wife and children, and to whom the employee owes a duty of support, are "wholly dependent" under our Workers' Compensation Law.

"Actually dependent", in light of the prior cases, does not require total dependency. All that is required is a showing of actual support or a reasonable expectation of

support. *Roach, Moppin*, and *Richard*, supra. Since the Commission found actual support, no more is required in this case.

That determination of fact by the Commission carries the weight of a jury verdict. *Taylor* v. *Plastics Research and Development Corp.*, 245 Ark. 638, 433 S.W. 2d 830 (1968). That determination is supported by substantial evidence, and therefore we must affirm. *American Can Co.* v. *McConnell*, 266 Ark. 741, 587 S.W. 2d 583 (Ark. App. 1979).

Affirmed.