DEFENDANTS' EXHIBIT NO. 7

Fred CHILCOTE *v.* BLASS, RIDDICK AND CHILCOTE
and CONTINENTAL INSURANCE CO.

CA 81-144                                620 S.W. 2d 953

Court of Appeals of Arkansas
Opinion delivered September 16, 1981

*Eichenbaum, Scott, Miller, Crockett, Darr & Hawk, P.A.*, by: *Gary F. Liles*, for appellant.

*Laser, Sharp & Huckabay, P.A.*, for appellees.

MELVIN MAYFIELD, Chief Judge. During the summer of 1979, the appellant, an architectural student at the University of Arkansas, was employed by the architectural-engineering firm of Blass, Riddick and Chilcote. While playing softball for a team sponsored by the firm, appellant broke his leg. He filed a claim for workers' compensation which was denied, by a two to one decision of the commission, on the grounds that his injury did not arise out of and in the course of his employment.

Apparently, this is the first company-sponsored team injury claim to be considered by an appellate court in Arkansas and the matter has been ably presented by the briefs of both parties. The parties and the commission have devoted considerable attention to 1A Larson, *Workmen's Compensation Law* § 22.24 (1979), where it is said that four categories of tests have figured in company-sponsored team cases. Those tests as summarized in the commission's opinion are as follows:

(1) Whether the activities occur on the premises during working hours;

(2) The degree of employer initiative;

(3) The furnishing of money or equipment by the employer;

(4) The benefit to the employer from the activity.

The commission found that the injury involved in this case occurred during a game played after office hours at a local park — not on the employer's premises — and concluded that neither factor mentioned in the first test was present. As to the second consideration, the degree of employer initiative, the commission found that the test had been met. The finding of the commission with regard to the third indicator was "Blass, Riddick & Chilcote supplied jerseys, equipment and trophies and sponsored a picnic after the last game." The finding of the commission concerning the fourth category was "Eugene Chilcote testified that there were some advertising benefits derived but the main purpose of the team was employee fellowship." The commission's conclusion was:

> Taking into consideration the Arkansas Supreme Court holdings regarding recreational activity claims and in reviewing Larson's considerations of this question, we are of the opinion that the within claim should be denied and dismissed.

The appellant contends that the evidence here preponderates on the side of compensation as to each of the four tests proposed by Larson and that it is so strong as to the second and third tests that a finding of compensability is required without consideration of the other two.

The problem with appellant's contention is that these tests suggested by Larson are only factors involved in making the factual determination of whether the injury arose out of and in the course of employment. The commission has not, as suggested by appellant, failed to apply the applicable law to its own findings of fact. Larson's tests are not "law." He is simply presenting an overall view of the

results reached in reported cases with this type claim.

As the commission pointed out, injuries received during recreational activities have been considered by the Arkansas Supreme Court before. Larson, in earlier editions, has been cited by the court in *Woodmansee* v. *Frank Lyon Co.*, 223 Ark. 222, 265 S.W. 2d 521 (1954), where a high-ranking employee of the company was injured while on a duck hunt with some company salesmen. *Woodmansee* was discussed in *West Tree Service* v. *Hopper*, 244 Ark. 348, 425 S.W. 2d 300 (1968), where an employee sustained an injury on the employer's premises, during the lunch hour, when firing a rifle belonging to his foreman. Larson and *Woodmansee* were both discussed in *Wilson* v. *United Auto Workers*, 246 Ark. 1158, 441 S.W. 2d 475 (1969), where the employee died while swimming in the pool at a motel where he was required to stay while on his job.

In each of those cases the Supreme Court held that a factual determination was involved and affirmed the commission's decision. The case at bar presents a close question and the evidence is certainly sufficient to support a finding for the appellant, but the commission has found otherwise.

As we said in *Continental Ins. Co.* v. *Richard, Adm'x.*, 268 Ark. 671, 596 S.W. 2d 332 (Ark. App. 1980):

> The issue on appeal is not whether this court would have reached the same results as the Commission on this record, or whether the testimony would have supported a finding contrary to the one made; the question here is whether the evidence supports the findings which the Commission made. *Herman Wilson [Lumber] Co.* v. *Hughes*, 245 Ark. 168, 431 S.W. 2d 487 (1968). When the Commission makes a finding of fact, that finding carries the weight of a jury conclusion. *Taylor* v. *Plastics Research and Development Corp.*, 245 Ark. 638, 433 S.W. 2d 830 (1968). The decision of the Commission must stand if supported by substantial evidence. *American Can Co.* v. *McConnell*, 266 Ark. 741, 587 S.W. 2d 583 (Ark. App. 1979).

The decision of the commission is affirmed.

GLAZE, J., not participating.