Cite as 2022 Ark. App. 225

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-21-263

|  |  |
|---|---|
|  | Opinion Delivered May 11, 2022 |
| JORDAN MASON, DECEASED<br>APPELLANT/CROSS-APPELLEE | APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION |
| V. |  |
| WILSON BROTHERS LUMBER<br>COMPANY, LLC; PRAETORIAN<br>INSURANCE COMPANY; AND FRANK &<br>GRADY, LLLP<br>APPELLEES/CROSS-APPELLANTS | [NO. G803682]<br><br>AFFIRMED ON DIRECT APPEAL;<br>AFFIRMED ON CROSS-APPEAL |

## MIKE MURPHY, Judge

The estate of Jordan Mason appeals the decision of the Arkansas Workers' Compensation Commission (the Commission) finding that appellee Frank & Grady, LLLP, is afforded employer tort-liability protections under workers'-compensation laws. The appellees cross appeal, arguing that the Commission's finding that the deceased's minor daughter is entitled to full death benefits is not supported by substantial evidence. We affirm on direct and cross-appeal.

The appellant/cross-appellee is the estate of Jordan Mason, who died at the age of twenty-one while working at a sawmill near Rison, Arkansas. On May 30, 2018, Jordan was sweeping sawdust off a lumber deck conveyor when the grating he was on collapsed. He fell about ten feet, and the steel grating came down on top of him. He died from his injuries.

Jordan was survived by his fourteen-month-old daughter, who is now in the care of Jordan's parents.

A wrongful-death negligence suit was filed in the Circuit Court of Cleveland County against appellee/cross-appellant Frank & Grady, the owner of the sawmill. The case was eventually transferred to the Arkansas Workers' Compensation Commission to determine jurisdiction and other matters as appropriate. After transfer, the estate made a claim for compensation from Wilson Brothers Lumber Co., LLC, Jordan's direct employer. Wilson Brothers is owned entirely by Frank & Grady.

The issues were combined and heard at a contested hearing by an administrative law judge (ALJ), who later issued an opinion finding that (1) Frank & Grady, as the sole owner of Wilson Brothers, was entitled to the same exclusive-remedy protections as an employer pursuant to Arkansas Code Annotated section 11-9-105(a) (Supp. 2021) and the holding in *Myers v. Yamato Kogyo Co., Ltd.*, 2020 Ark. 135, 597 S.W.3d 613; and (2) Mason's minor daughter was entitled to the maximum allowable death-benefits compensation. The Commission adopted the findings of the ALJ. Upon motion of the appellant, it also issued a supplemental opinion providing some additional discussion on jurisdiction.

The appellant timely appealed and moved to transfer this appeal to the supreme court, arguing that this case involves overruling precedent, significant and constitutional issues, substantial questions of law, and interpretation of an Act of the General Assembly. The motion was denied. On appeal, the appellant argues that the Commission erred in finding that Wilson Brothers was entitled to employer tort-liability protection. On cross-

2

appeal, the appellees argue that the Commission erred in failing to find that Jordan's daughter was only partially dependent on Jordan's earnings for support and thus failing to reduce the award proportionally.

## I. *Direct Appeal*

The Commission has original exclusive jurisdiction to determine whether a tort action is barred by the exclusive-remedy statute. *Myers*, 2020 Ark. 136, at 4, 597 S.W.3d at 616. The existence of an employer-employee relationship between the parties is a factual issue solely within the Commission's jurisdiction. *Id.* Attempts to seek damages beyond this exclusive remedy is viewed narrowly. *Id.* On appeal, we view the evidence in the light most favorable to the Commission's decision and affirm that decision if it is supported by substantial evidence. *Id.* Substantial evidence exists if reasonable minds could have reached the same conclusion as the Commission. *Id.*

Frank & Grady is the sole owner of the employer, Wilson Brothers. The appellant concedes that the holding in *Myers* dictates that Frank & Grady receives the immunity afforded employers in workers'-compensation cases.

In *Myers*, the decedent, Michael Myers, died as the result of an accident while at work at a steel plant. His direct employer was Arkansas Steel Associates, LLC. Arkansas Steel did not dispute that the death was work related and paid workers'-compensation benefits to his widow, Mary Myers. Mary filed a wrongful-death suit against Arkansas Steel's seven parent companies. Like here, the circuit court transferred jurisdiction to the Commission to determine whether the parent companies were entitled to immunity under the exclusive-

3

remedy provision of the Arkansas Workers' Compensation Act. Ark. Code Ann. § 11-9-105(a). Undisputed evidence established that the parent companies were separate and distinct entities from Arkansas Steel and not involved with employment decisions.

Myers argued that the parent companies were not immune under the exclusive-remedy provision because they were not the "actual" employer. The Commission disagreed and concluded that the parent companies were "party-employers acting within the employer-shareholder role" and entitled to immunity as principals and stockholders of Arkansas Steel Associates under Arkansas Code Annotated section 11-9-105(a). *Myers*, 2020 Ark. 136, at 3, 597 S.W.3d at 616.

The supreme court agreed with the Commission, reasoning that because the parent companies were principals and stockholders of Arkansas Steel, and because Meyers alleged no facts that placed the claims "outside the normal employment context," the immunity provisions of 11-9-105(a) applied. *Id.* at 10, 597 S.W.3d at 619. Regarding the constitutionality of the statute, the court wrote:

> We have previously held that Section 11-9-105(a) is unconstitutional to the extent it grants tort immunity to a prime contractor when there is no statutory employment relationship with the injured person. It follows that the General Assembly validly exercised its constitutionally granted authority when crafting Section 11-9-105(a) to include "stockholders" and "principals" as "employers" for purposes of the statute. As discussed above, the Commission's conclusion that the parent companies were statutory employers as principals and stockholders of Arkansas Steel Associates is supported by substantial evidence. Accordingly, Section 11-9-105(a) is constitutional in this case because the parent companies had an employment relationship with Michael Myers.

*Id.* at 11, 597 S.W.3d at 620.

4

The appellant does not argue that this case is distinguishable from *Myers* and, in fact, concedes that under *Myers*, the Commission's decision should stand. Instead, the appellant asks us to overrule *Myers* and further declare section 11-9-105 unconstitutional under article 5, section 32. We, however, must follow the precedent set by the supreme court and are powerless to overrule its decisions. *Northport Health Servs. of Ark., LLC v. Chancey*, 2022 Ark. App. 103, at 10, 642 S.W.3d 243. Accordingly, we hold that the Commission did not err in finding that an employer relationship existed between Frank & Grady and the deceased and was therefore entitled to employer tort-liability protection.

II. *Cross-Appeal*

On cross-appeal, the appellees argue that substantial evidence does not support the award made to the deceased's child. Arkansas Code Annotated section 11-9-527 provides in relevant part that

> (c) BENEFICIARIES—AMOUNTS. Subject to the limitations as set out in §§ 11-9-501—11-9-506, compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon the deceased employee in the following percentage of the average weekly wage of the employee and in the following order of preference:
>
> . . . .
>
> (3)(A) To one (1) child if there is no widow or widower, fifty percent (50%).
>
> . . . .
>
> (h) DETERMINATION OF DEPENDENCY. All questions of dependency shall be determined as of the time of the injury.
>
> (i) PARTIAL DEPENDENCY. (1) If the employee leaves dependents who are only partially dependent upon his or her earnings for support at the time of injury, the

compensation payable for partial dependency shall be in the proportion that the partial dependency bears to total dependency.

Ark. Code Ann. § 11-9-527.

The cross-appellants contend that because Jordan was not the only person providing for the child, the award to the child should be reduced proportionally. The ALJ found that the child is Jordan's daughter; the daughter lived with Jordan five days a week at her grandparents' home; Jordan and his child had a relationship; Jordan transported his daughter to and from her other home with her mother; Jordan bought her toys, gifts, and child-care supplies like diapers and formula; Jordan helped the child's mother with rent; and Jordan had set up a savings account for the child.

However, during litigation, Jordan's mother was deposed, and at that deposition she said that Jordan was realistically only financially contributing about 25 percent toward the child's care, and the child's collective grandparents and mother provided the rest. The appellees argued this demonstrated that, pursuant to Arkansas Code Annotated section 11-9-527(i), the child was only *partially* dependent upon Jordan's earnings for support, and therefore, that she should not receive the entire 50 percent of his average weekly wage.

The ALJ relied on the above facts and, citing *Fordyce Concrete v. Garth*, 84 Ark. App. 256, 139 S.W.3d 154 (2003), and *Lawhon Farm Services v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998), found that the minor child was, in fact, "wholly and actually dependent" on Jordan.

The appellees make the same argument to this court and attempt to distinguish *Fordyce Concrete* and *Lawhon*. In *Fordyce*, we held that where the children of the deceased did

6

not live with him, but he visited with them and contributed sporadically to their welfare by spending money for gifts, food, and clothing, the children still had some form of reasonable expectation of support from the father. We further cited with approval *Porter Seed Cleaning, Inc. v. Skinner*, 1 Ark. App. 230, 615 S.W.2d 380 (1981), writing that we affirmed the Commission's award of maximum dependency benefits to the child where the deceased employee was voluntarily contributing one hundred dollars a month to the support of the child, who resided with the deceased's estranged wife, and was also providing insurance for the child. We summarized the definitions of "wholly dependent" and "actually dependent" as follows:

> Under the holding in *Chicago Mill*, and *Roach*, . . . persons who are ordinarily recognized in law as dependents, including a wife and children, and to whom the employee owes a duty of support, are "wholly dependent" under our Workers' Compensation Law.
>
> "Actually dependent," in light of the prior cases, does not require total dependency. All that is required is a showing of actual support or a reasonable expectation of support.

*Porter Seed Cleaning*, 1 Ark. App. at 234–35, 615 S.W.2d at 382.

In *Lawhon*, the Commission had awarded death benefits to a deceased employee's three children where the deceased did not have custody and did not pay child support but was found to have contributed to the children's support in other ways, such as buying food, school clothes, and supplies and helping pay for their travel arrangements.

Here, the facts suggest that Jordan provided even more financial and social support to his daughter than either of the decedents in *Fordyce* and *Lawhon*. He bought her gifts and

7

necessities, contributed to her overall well-being, and she lived with him. "Actual dependency" does not require a showing of total dependence. *Porter Seed Cleaning, supra.* The finding that there was some measure of actual support and a reasonable expectation of support is backed by substantial evidence. The cross-appeal is affirmed.

Affirmed on direct appeal; affirmed on cross-appeal.

VIRDEN and WHITEAKER, JJ., agree.

*Harper Law Office*, by: *R. Victor Harper*; and *Gibson & Keith, PLLC*, by: *C. C. "Cliff" Gibson III*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *Brandon T. Cole*, for appellees/cross-appellants.