JACOBS *v.* JACOBS.

Opinion delivered November 8, 1920.

1. BASTARDS—PRESUMPTION OF LEGITIMACY.—Where a child is born in wedlock, it is presumed to be legitimate, but this presumption may be rebutted by evidence that the husband was impotent or entirely absent at the period in which the child in the course of nature was begotten.

2. BASTARDS—PRESUMPTION OF LEGITIMACY.—The presumption of legitimacy of a child born in wedlock applies to a child conceived before the marriage, though in such case it may not be as strong as in other cases.

3. BASTARDS—PRESUMPTION OF LEGITIMACY—EVIDENCE.—In a suit under Kirby's Dig., § 8020, to recover the share of a child pretermitted by will, evidence that plaintiff was born two months after her mother's marriage, and that she resembled a man who had kept company with her mother, was not sufficient to overcome the presumption that she was legitimate.

4. BASTARDS—FORCED MARRIAGE—LEGITIMACY OF CHILD.—Where a man seduces a woman and marries her through fear of the consequences of his crime, the marriage is valid, and a subsequently born child will be legitimate.

5. BASTARDS—RECOGNITION OF CHILD.—Kirby's Dig., § 2639, requiring recognition of an illegitimate child born before marriage, has no application where the marriage occurred before the child was born.

Appeal from Izard Circuit Court; *J. B. Baker,* Judge; affirmed.

STATEMENT OF FACTS.

J. F. Jacobs died testate in Izard County, Arkansas, leaving surviving him his widow and several children. Dee E. Jacobs was one of his children, and he died intestate, leaving surviving him Lola Jacobs, his daughter, as his sole heir at law. She commenced this suit in the probate court against the appellants, who are the children and devisees under the will of J. F. Jacobs, deceased, to recover her interest in the estate under section 8020 of Kirby's Digest, which provides, in effect, that when any person shall make his last will and omit to mention the name of a child, if living, or the legal representatives of such child born and living at the time of

the execution of such will, every such person, so far as regards such child, shall be deemed to have died intestate.

Judgment was rendered in favor of appellee in the probate court, and the case was appealed from the probate to the circuit court. The case was tried in the circuit court before the court sitting as a jury upon substantially the following facts:

On the 29th day of June, 1916, J. F. Jacobs made a will in which he bequeathed and devised the property in question to his widow and children named in the will. He omitted to mention the name of his son, Dee E. Jacobs, in the will and did not leave him anything. J. F. Jacobs died on the 13th day of August, 1919, and his will was offered for probate in common form on the 16th day of August, 1919. Dee E. Jacobs died in May, 1899, leaving surviving him his widow and her child, Lola Jacobs, who claims to be the daughter and heir at law of said Dee E. Jacobs, deceased. Dee E. Jacobs married the mother of Lola Jacobs two months before Lola Jacobs was born. Dee E. Jacobs visited Lola Jacobs' mother frequently and constantly for seven or eight months before they were married. They went to church together nearly every Sunday or Sunday night. Before their marriage it became known that the mother of Lola Jacobs was pregnant, and Dee E. Jacobs was arrested, charged with being the father of her child. He only stayed with her one night after their marriage and then left her.

On the part of appellants, it was shown by eight or nine witnesses that other young men kept company with the mother of Lola Jacobs before her marriage to Dee E. Jacobs, and had as good opportunities as Jacobs to have had intercourse with her. All these witnesses testified that Lola Jacobs resembled very much one of the young men, named Davidson, who so visited her mother before her marriage.

The circuit court found the issues in favor of appellee, and judgment was rendered accordingly. The case is here on appeal.

*P.. C. Sherrill,* for appellants.

The will here speaks for itself and shows that J. F. Jacobs recognized seven heirs at law, giving each of the six a one-sixth part of the residue of his estate and cutting off one, Ada Jacobs, with one dollar. Hence, if appellee should receive at all, it should be for only one-eighth instead of one-seventh. The proof here overcomes the presumption of the legitimacy of Lola Jacobs, the appellee, and, under the provisions of Kirby's Digest, § 2639, the judgment should be reversed. The testimony clearly refutes the presumption that appellee was an heir. There is nothing in the facts or the law that will justify the giving of a portion of the estate to one not proved to be of the blood and contrary to the will of J. F. Jacobs.

*Elbert Godwin* and *John C. Ashley,* for appellee.

1. Appellee in her complaint alleges that she is the only child and heir at law of Dee E. Jacobs, deceased, a son of J. F. Jacobs, and the testimony shows that she was. She was admitted to have been born in lawful wedlock, and the trial court was correct in holding that the burden of proving illegitimacy of plaintiff was on defendants. 5 Cyc. 6267; 7 C. J. 940; 173 S. W. 842; Am. & Eng. Enc. Law 136-7; 6 Jones, Eq. (N. C.), 335; 10 Iredell (N. C.) 131; Brok. (U. S.) 256; 58 Iowa 46; 61 Ind. 334; 2 Munf. (Va.) 442; 117 Ark. 113. See, also, 3 R. C. L., § 7, p. 727; 6 How. 550; 34 *Id.* 563-609.

2. The court did not err in refusing to allow W. J. Taylor to answer the question as to the general consensus of opinion of people in the neighborhood as to whose daughter plaintiff was. The question was incompetent, immaterial and irrelevant, as would have been the answer. It was purely hearsay testimony, and could not outweigh the undisputed evidence that Dee F. Jacobs was constantly in the company of the mother of plain-

tiff for more than a year previous to the conception of plaintiff's mother, and in her company after the conception, on up until he married the mother to escape disgrace.

3.   The court was correct in refusing to allow Walter Meers to answer the question asked him.   It was also incompetent, irrelevant and immaterial.   If a man seduces a woman and marries her through fear of the consequences of his crime, the marriage is valid and the children legitimate.   33 Ark. 156; 52 *Id.* 425.

4.   Kirby's Digest, § 2639, has no application whatever to this suit.

HART, J. (after stating the facts).   In the case of *Kennedy* v. *State,* 117 Ark. 113, which was a bastardy proceeding, the court held that where a child is born in wedlock it is presumed to be legitimate, but that this presumption may be rebutted by sufficient evidence showing that the husband was impotent or entirely absent at the period in which the child in the course of nature has been begotten so that he could not have had access to the child's mother.   The rule is about the same on the subject of descent and distribution.   The question of the legitimacy or illegitimacy of the child of a married woman is one of fact, resting upon decided proof as to the nonaccess of the husband.   2 Kent, Comm. (14 ed.) *211.

In *Patterson* v. *Gaines* (U. S.), 6 How. 550, and *Gaines* v. *Hennen,* 24 How. (U. S.) 553, the court held that access between man and wife is always presumed until otherwise plainly proved, and nothing is allowed to impugn the legitimacy of a child short of proof by fact showing it to be impossible that the husband could have been its father.   This is the general rule on the subject. 3 R. C. L., pp. 728-29.

Conception during wedlock is not essential to the presumption of legitimacy which arises from birth in wedlock.   There is a division as to the amount of proof necessary in such cases.   Some of the authorities hold that antenuptial conception does not even weaken the

presumption of legitimacy arising from postnuptial birth. This is in recognition of the frailties of human nature. 3 R. C. L., § 10, p. 730.

Another line of authorities recognizes that the presumption is weaker in cases of antenuptial conception, and the reason given is that it is the marriage only, and not the presumed intercourse resulting from marriage, which creates the presumption. It does not make any difference which of these rules is correct, so far as his case is concerned, for the finding of the court is correct under either rule. The decided weight of authority is that every child born during wedlock is rightly presumed to be the offspring of the husband. The presumption must be adhered to for the protection of the rights of those who are attempted to be bastardized without any fault on their part, to preserve the peace of families and to promote the interest of society.

In the present case it is claimed that the proof overcomes the presumption of the legitimacy of Lola Jacobs. We think the proof falls short of doing this, and that the court rightly held that Lola Jacobs was the legitimate child of Dee E. Jacobs, deceased. The only testimony tending to show that she was not his child was the testimony of witnesses to the effect that Lola Jacobs resembled another young man who kept company with her mother and that he had equal opportunity with Dee E. Jacobs to have been the father of the child. No attempt was made to show any undue intimacy on the part of this young man with Lola Jacob's mother or that they had even been engaged to marry. The law will not balance probabilities in this way.

Counsel for appellant also point to the fact that the father of Lola Jacobs' mother swore out a warrant against Jacobs, before the latter's marriage to the former's daughter, charging Dee E. Jacobs with being the father of the unborn child. They insist that because of the arrest the rule should be changed. This court has held that, if a man seduces a woman and marries her through fear of the consequences of his crime, the mar-

riage nevertheless will be valid and the child will be legitimate. *Honnett* v. *Honnett,* 33 Ark. 156; and *Marvin* v. *Marvin,* 52 Ark. 425.

Counsel for appellants contend for a reversal of the judgment under the provisions of section 2639 of Kirby's Digest, which reads as follows:

"If a man have by a woman a child or children, and afterward shall intermarry with her, and shall recognize such children to be his, they shall be deemed and considered as legitimate."

This section has no application to the present suit. It refers to cases where the children are born before the marriage. In such cases there must be a recognition of the children after the marriage in order to make them legitimate. *Rowland* v. *Taylor,* 134 Ark. 183, and *Swinney* v. *Klippert* (Ky.), 50 S. W. 841.

The case turned upon the testimony of Lola Jacobs, and the circuit court properly held in her favor on this point.

It follows that the judgment will be affirmed.