DOYLE'S CONCRETE FINISHERS, et al *v.*
Jo Ellen MOPPIN, Guardian, et al

79-338                                594 S.W. 2d 243
Supreme Court of Arkansas
Opinion delivered March 3, 1980

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for petitioners.

*W. Q. Hall,* for respondents.

Frank Holt, Justice. In this Workers' Compensation case, we granted certiorari to resolve one issue—whether or not a minor child, not living with one of the parents and receiving only a part of his support therefrom, is subject to

the partial dependency benefits of Ark. Stat. Ann. § 81-1315 (c)(i) (Repl. 1976). In other words, is the child entitled to maximum benefits as a matter of law?

At the time of the divorce in 1976, the respondent, Jo Ellen Moppin, was awarded custody of their minor child and the deceased was ordered to pay child support in the amount of $108 per month. Following the deceased's death in an admittedly compensable accident, the Workers' Compensation Commission affirmed the decision of the administrative law judge and awarded maximum death benefits to the six year old son in the amount of $77 per week. Although the Commission did not expressly hold that a minor child is, as a matter of law, a dependent of a deceased parent, the administrative law judge so held and the Commission affirmed his opinion in its entirety. In affirming the decision of the Commission to award the child maximum benefits, the Court of Appeals modified the decision by eliminating the phrase "as a matter of law" and held that the award was based on substantial evidence that the child was actually dependent on the deceased at the time of his death. Appellant argues that a, minor child is clearly subject to the partial dependency benefits of § 81-1315 (c) (i) and that the cause should be remanded with instructions for the Commission to make a factual determination as to the existence and, if necessary, the degree, of the child's partial dependency on the deceased. Appellee responds that the dependency of the minor child is presumed and is conclusive as a matter of law citing *Chicago Mill and Lumber Co.* v. *Smith,* 228 Ark. 876, 310 S.W. 2d 803 (1958); and *Holland Construction Co.* v. *Sullivan,* 220 Ark. 895, 251 S.W. 2d 120 (1952).

Before the adoption of Act 1227 of 1976, we followed the rule enunciated in those cases; i.e., there was a conclusive presumption that a minor child is wholly dependent upon a decedent. The 1976 amendment to § 81-1315(c) added these italicized words:

> Subject to the limitations as set out in Section 10 [§ 81-1310] of this Act, compensation for the death of an employee shall be paid to those persons who were wholly *and actually* dependent upon him in the following

percentage of the average weekly wage of the employee, and in the following order of preference:

First. To the widow if there is no child, thirty-five per cent (35%), and such compensation shall be paid until her death or remarriage. *Provided, however, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided herein.*

To the widower if there is no child, thirty-five per cent (35%) and such compensation shall be paid during the continuance of his incapacity or until remarriage. *Provided, however, the widower shall establish, in fact, some dependency upon the deceased employee before he will be entitled to benefits as provided herein.*

Summarizing, the Act was amended to require (1) the purported dependent to be wholly "and actually" dependent on the deceased, and (2) the widow to "establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided herein."

We interpreted the effect of this amendment in *Roach Manufacturing Co. v. Cole,* 265 Ark. 908, 582 S.W. 2d 268 (1979), where we noted that, by inserting the phrase "and actually," the legislature apparently intended to change the conclusive presumption of dependency established under prior case law. In *Roach* the couple had been separated for a period of eleven months before the husband's death. There had been no formal divorce and no effort by the wife to enforce her legal right to support. She had supported herself and their child without any financial assistance from the husband. We affirmed the Commission's holding that the deceased's widow was not entitled to death benefits for herself inasmuch as she was living apart and not actually dependent on the deceased at the time of his death. She could, however, recover benefits for the couple's ten year old daughter as she was actually dependent on her father at the time of his death even though he had contributed no support. We noted that the lack of any action on the mother's part as to the child did not demonstrate there was no longer "any reasonable expectation of support" by the father; that a "reasonable expectation of future support" by the father could be found since the child's expenses

would naturally increase as she grew older; and there was a possibility that the mother would not be able to maintain the child in her "accustomed mode of living." In view of the 1976 amendment to the statute, we held that when the widow and the child, as here, are not living with the employee at the time of his death, "there must be some showing of actual dependency." Dependency is a "fact question to be determined in light of surrounding circumstances." Consequently, dependency of a child is no longer a conclusive presumption.

Here it is clear that the child was "actually" dependent on the deceased employee in two respects. First, it is undisputed that the father was obligated under the divorce decree to make monthly child support payments in the amount of $108. The appellee testified that the actual amount of financial assistance provided by the deceased was greater than $108 per month inasmuch as he would occasionally keep the child and buy clothes and gifts for him. He also gave the child a horse, paid for the child's medical expenses, and paid for his babysitting on certain occasions. Second, as stated in *Roach,* it must be said there was a "reasonable expectation of future support" by the father. At present the child's sole source of income is a monthly social security check in the amount of $362 which he started receiving two months after his father's death. His necessary expenses will naturally increase as he grows older. The appellee, widow, who receives a similar social security payment, apparently has become unable to work due to severe health problems. Here there is clearly more evidence than was demonstrated in *Roach* as to a reasonable expectation of future support, and there is a strong possibility that the mother is unable to maintain the child in his "accustomed mode of living." Certainly, if, as in *Roach,* the child who received no financial support was entitled to maximum benefits, it must be said that a child, as here, who receives some financial support, should be entitled to no less than the maximum benefits.

Ordinarily, we would remand the case to the Commission for a factual finding as to dependency. However, upon a review of the evidence, the Commission could make only one finding—the child was wholly and "actually" dependent on

the deceased. In the circumstances we agree with the Court of Appeals to affirm, as modified, the decision of the Commission.