Debra F. BANKSTON, et al, alleged
dependents of Edward Charles BANKSTON,
deceased *v.* PRIME WEST CORPORATION

CA 80-377                                        601 S.W. 2d 586
Court of Appeals of Arkansas
Opinion delivered January 21, 1981
[Rehearing denied February 18, 1981.]

*Baim, Baim, Gunti, Mouser & Bryant*, by: *Kenneth B. Baim*, and *Brockman & Brockman*, by: *C. Mac Norton*, for appellants.

*Chester C. Lowe, Jr.*, for appellee.

DONALD L. CORBIN, Judge. This is an appeal by three of five alleged dependents of Edward Charles Bankston, deceased, from a decision of the Arkansas Workers' Compensation Commission denying them dependency benefits. The appellee employer, Prime West Corporation, stipulated that Edward Charles Bankston suffered a compensable injury which resulted in his death on August 11, 1978. The three remaining appellants are Kajuanna Bankston, Dameon Bankston and Kelli Edwina Bankston.

We think it important to first reiterate the standard of review in workers' compensation cases. This court on appeal is required to review the evidence in the light most favorable to the findings of the Commission and give the testimony its strongest probative value in favor of the order of the Arkansas Workers' Compensation Commission. The issue on appeal is not whether this Court would have reached the same results

as the Commission on this record or whether the testimony would have supported a finding contrary to the one made; the question here is whether the evidence supports the findings which the Commission made. *Herman Wilson Lumber Co.* v. *Hughes*, 245 Ark. 168, 431 S.W. 2d 487 (1968). When the Commission makes a finding of fact, that finding carries the weight of a jury conclusion. *Taylor* v. *Plastics Research and Development Corp.*, 245 Ark. 638, 433 S.W. 2d 830 (1968). The decision of the Commission must stand if supported by substantial evidence. *American Can Co.* v. *McConnell*, 266 Ark. 741, 587 S.W. 2d 583 (1979).

I.

We will first consider the appeal in behalf of Kajuanna Bankston. The Full Commission adopted and affirmed the opinion of the Administrative Law Judge that Kajuanna Bankston was not a child of Edward Bankston, deceased, within the meaning of Ark. Stat. Ann. § 81-1302 (j) (Repl. 1976) and that she was not "wholly and actually dependent upon" the decedent within the meaning of Ark. Stat. Ann. § 81-1315 (c) (Repl. 1976).

Debra Faye Bankston, the mother of Kajuanna Bankston, testified that she and the decedent were married on October 13, 1972 and were never divorced. She testified that the decedent left her in June of 1973 and he never again lived with them nor supported them. Debra Faye Bankston testified that Jimmy Williams was the father of Kajuanna Bankston and that Kajuanna was born approximately one month before she married the decedent. Debra Bankston began receiving assistance from the Jefferson County Social Services Office for Kajuanna on October 23, 1973. The Jefferson County Social Services' records reflected that the father of Kajuanna was Jimmy Williams.

Appellant Kajuanna Bankston argues that she could be classified as either a "stepchild" or "foster child" within Ark. Stat. Ann. § 81-1302(j). We disagree. This child was born before the marriage of her mother to the decedent and it was clearly established that the decedent was not the natural father of the child. Further, the decedent had not lived with

nor supported the appellant or her mother since his removal from the matrimonial home in June of 1973. Kajuanna did not sustain her burden of proof to establish that the decedent was not in any manner a "stepchild" or "foster child" within Ark. Stat. Ann. § 81-1302(j) and failed to sustain her burden of proof to establish that she was "wholly and actually dependent" upon the decedent within the meaning of Ark. Stat. Ann. § 81-1315(c).

## II.

Appellant Dameon Bankston appeals the decision of the Commission, which held: (1) he was not a child of Edward Bankston, deceased, within the meaning of Ark. Stat. Ann. § 81-1302(j) and (2) he was not "wholly and actually dependent upon" Edward Bankston, deceased, within the meaning of Ark. Stat. Ann. § 81-1315(c).

Dameon Bankston was born on July 6, 1977. As previously stated, Debra Faye Bankston, mother of Dameon Bankston, had married the decedent in October of 1972 but had not lived with him since June of 1973.

Debra Faye Bankston testified that she had engaged in sexual intercourse with the decedent and a man named Willie Bailey in the latter part of September of 1976. She could not state under oath who was the father of Dameon. Mrs. Bankston had named Willie Bailey as the father of Dameon to the Social Services Office and to an insurance adjustor who was investigating this claim. Regardless of Mrs. Bankston's reasons or motives for naming Willie Bailey as the father of Dameon to these parties, we do not believe this testimony should deprive Dameon of his legitimacy. A parent's testimony is incompetent when it is employed to bastardize a child which is presumed legitimate by one of the strongest presumptions found in the law. *Jacobs* v. *Jacobs*, 146 Ark. 45, 225 S.W. 22 (1920); *Kennedy* v. *State*, 117 Ark. 113, 173 S.W. 842 (1915); *Thomas* v. *Barnett*, 228 Ark. 658, 310 S.W. 2d 248 (1958).

The presumption of legitimacy of children born during wedlock of two persons has common law and statutory basis

in Arkansas. The statutory basis is found in Ark. Stat. Ann. § 61-141(a). In *Spratlin* v. *Evans*, 260 Ark. 49, 538 S.W. 2d 527 (1976), the Court stated:

> We are met . . . with the common law presumption, long valid in this State, that a child born to a legally married woman is the legitimate child of the husband and the presumption is one of the strongest presumptions known to the law. It is only rebuttable by the strongest type of evidence such as conclusive evidence of impotency of the husband, or nonaccess between the parties at the time of conception. The moral and social reasons for retaining this common law presumption in domestic relations and in the property laws relating to descent and distribution are too obvious and well known to justify comment, and our decisions on this point are so numerous and uniform we deem it unnecessary to cite them.

We find that Dameon Bankston is the legitimate child of the decedent.

The next issue is whether Dameon was wholly and actually dependent upon the decedent. The Arkansas Supreme Court dealt with this issue in *Roach Mfg. Co.* v. *Cole*, 265 Ark. 908, 582 S.W. 2d 268 (1979). The basic facts in the *Roach* case are: Glen and Willadean Cole were married in 1965. Their daughter was born in 1966. In June, 1975, Glen left his wife and child in Rector, Arkansas, and moved to Memphis, Tennessee, where he married another woman without having divorced his wife. Willadean knew that her husband was in Memphis, but she supported herself and her daughter and made no attempt to obtain anything from her husband. Glen was accidentally killed in the course of his employment on May 18, 1976. The Court quoted Larson's summary of the rule applicable under statutes requiring actual dependency as:

> Proof of bare legal obligation to support, unaccompanied by either actual support or reasonable expectation of support, is ordinarily not enough to satisfy the requirement of actual dependency. Larson, *Workmen's Compensation Law*, § 63 (1976).

The Court, in the *Roach* case, stated that the mother had elected to attempt to support herself and made no effort during her husband's 11-month absence preceding his death to enforce whatever legal right to support she may have had. Thus, the Commission could find that she failed, in the language of the amended statute, to "establish in fact some dependency" on her husband at the time of his death. On the other hand, the Court in *Roach, supra*, noted that the Commission *could* also find, with respect to a 10-year-old child who was being supported by her mother, that the same lapse of 11 months without legal action on the mother's part did not demonstrate in Larson's language that there was no longer any "reasonable expectation of support" on the part of the father. (Emphasis supplied.) The facts in the present case are distinguishable from those in the *Roach* case. Debra Bankston and the decedent were married in October of 1972. Edward Bankston left in June of 1973 and did not again permanently reside with Debra Bankston. He did not provide support for her from June, 1973, to his death, nor did he provide support for Dameon Bankston from the date of Dameon's birth to the date of the decedent's death. Dameon was supported by Willie Bailey. In *Doyle's Concrete Finishers* v. *Moppin*, 268 Ark. 167, 594 S.W. 2d 243 (1980), the Court stated that:

> when the widow and the child, as here, are not living with the employee at the time of his death, 'there must be some showing of actual dependency.' Dependency is a 'fact question to be determined in light of surrounding circumstances.' Consequently, dependency of a child is no longer a conclusive presumption.

There is substantial evidence to support the finding of the Commission that Dameon Bankston was not wholly and actually dependent upon Edward Charles Bankston. The source of Dameon's support was from a person other than the decedent. The case of *Continental Ins. Co.* v. *Richard*, 268 Ark. 671, 596 SOW. 2d 332 (Ark. App. 1980) can be distinguished from the instant case because there was undisputed testimony that the decedent in the *Continental* case regularly contributed to the support of his child. Appellant Dameon, having the burden of proving by a preponderance of the evidence that there existed at the time

of the employee's death either (1) actual support or (2) a reasonable expectation of support, has failed to sustain his burden of proof and for that reason we would affirm the decision of the Commission in denying dependency benefits to him.

## III.

Two. issues are raised by appellant Kelli Edwina Bankston's appeal: (1) is Kelli a "child" of Edward Charles Bankston, deceased, within the meaning of Ark. Stat. Ann. § 81-1302(j) and (2) was she "wholly and actually dependent upon" the decedent within the meaning of Ark. Stat. Ann. § 81-1315(c).

During the course of the trial the Administrative Law Judge stated:

> As far as I'm concerned, Mrs.. Coleman has established by a preponderance of the evidence that Mr. Bankston was the father of this child.

However, in his opinion, he stated that the appellant had failed to prove by a preponderance of the evidence that Kelli E. Bankston was a child of Edward C. Bankston, deceased, within the meaning of the Arkansas Workers' Compensation Act. Ark. Stat. Ann. § 81-1302(j) provides:

> "child" means a natural child, a posthumous child, a child legally adopted prior to injury of the employee, a stepchild, an acknowledged illegitimate child of the deceased or spouse of the deceased, and a foster child.

A decision of the United States Supreme Court in *Weber* v. *Aetna Casualty & Surety Co.*, 406 U.S. 164, 92 S. Ct. 1400, 31 L. Ed. 2d 768 (1972), held that no distinction as to entitlement to workers' compensation benefits can be drawn between legitimate and illegitimate children. The reason is that such a distinction violates the equal protection clause of the Fourteenth Amendment. See also, 2 Larson, *Workmen's Compensation Law*, § 62.22. We find that Kelli Edwina

Bankston was a child within the meaning of the Arkansas Workers' Compensation Act.

The next question is whether Kelli Edwina Bankston was wholly and actually dependent on support from the decedent. The extent of our inquiry is limited to the determination of whether there is any substantial evidence to support the Commission's findings. Even if the preponderance of the evidence would indicate a different result, we will affirm the Commission if reasonable minds could reach the conclusion reached by the Commission. Or conversely, we will not reverse the Commission's finding that the claimant failed to meet his burden of proof unless fair-minded men could not have arrived at a finding adverse to the claimant. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979). No evidence was produced by the appellee to contradict the tesitmony of Juanita Coleman, mother of the appellant Kelli Edwina Banston, and other witnesses called in behalf of the appellant. Juanita Coleman testified that she had known the decedent for seven and one half years and had lived with him from May of 1977 to the time of his death on August 11, 1978. She had sexual relations with him prior to May, 1977, and on a permanent basis after he moved in with her. The decedent gave her $100.00 per week and paid all of the bills. He traded in an automobile and acquired a different one in the name of Juanita Coleman. The decedent used this automobile to travel to and from work. His clothes were in her home at the time of his death. He had acknowledged to many people that Kelli was his child. Other witnesses called in behalf of the appellant testified as to the continuing relationship of the decedent to Juanita Coleman and his support of her. We hold, under the peculiar facts of this case, that the clear and undisputed proof of the support of Juanita Coleman by the decedent raises a reasonable expectation that Kelli Edwina Bankston would also be supported by the decedent.

There being no substantial evidence to support the finding of the Commission that Kelli Edwina Bankston was not wholly and actually dependent upon the decedent for support, we reverse.

We affirm in part and reverse in part.