Sherrie ROBINSON *v.* ED WILLIAMS
CONSTRUCTION CO.

CA 91-281                                    828 S.W.2d 860

Court of Appeals of Arkansas
Division I
Opinion delivered April 29, 1992

*Joseph C. Self*, for appellant.

*Shock & Whitmire*, by: *J. Randolph Shock*, for appellee.

JUDITH ROGERS, Judge. In this workers' compensation case, appellant, Sherrie Robinson, appeals from the Commission's decision in which it determines that she was not entitled to receive death benefits as a beneficiary of the deceased employee. Appellant raises two issues on appeal. She first contests the Commission's exercise of jurisdiction, and secondly she argues that the Commission's finding that she had failed to meet the dependency requirement is not supported by substantial evidence. We affirm.

On January 3, 1990, Lee Robinson, a truck driver, was killed in an accident in Oklahoma during the course and scope of his employment with appellee, Ed Williams Construction Company. The employer accepted the death as compensable and requested a hearing to determine the deceased's statutory beneficiaries.

The deceased had married Marva Jo Robinson on April 14, 1963, and they had two children, who are now adults. The deceased and Marva Jo separated in 1977, but there is no evidence that they were ever divorced. After his separation from Marva Jo, the deceased lived with Mary Louise Willis, and a child, Katrina, an appellee herein, was born of this relationship. In 1984, the deceased began living with appellant, and they were married on December 22, 1987. Appellant and the deceased separated in February of 1989. There is no record that this

marriage ended in divorce or that divorce proceedings were instituted prior to the deceased's death. From April to September of 1989, the deceased lived with a woman by the name of Veronica Hall.

The only potential beneficiaries at issue before the Commission were appellant, Marva Jo and Katrina. The Commission found in favor of Katrina, but held that appellant and Marva Jo were not entitled to benefits based on findings that neither of them had shown that they were dependent on the deceased within the meaning of Ark. Code Ann. § 11-9-527(c) (1987). Only appellant brings this appeal from the Commission's decision.

As her first issue on appeal, appellant contends that the Commission erred in not sustaining her objection to its exercise of jurisdiction. Appellant does not challenge the Commission's jurisdiction in the traditional sense, as it appears that all the parties involved were residents of Arkansas. Instead, appellant argues that the Commission did not acquire jurisdiction because the proceedings were initiated at the behest of the employer, when none of the potential beneficiaries had filed a claim. We find no merit in this argument.

Upon receiving notice, the employer accepted Mr. Robinson's death as compensable, and by statute the company was obligated to begin the payment of benefits in fifteen days from the receipt of notice, or else risk the imposition of a penalty upon unpaid installments. Ark. Code Ann. § 11-9-802 (1987). Under the circumstances of this case, the employer was faced with the obvious dilemma as to whom it should pay; therefore, it requested a hearing for the resolution of this issue. Without question, it is within the province of the Commission to determine who are the statutory beneficiaries of a deceased employee. We perceive no jurisdictional defect simply because it was the employer who submitted the issue for the Commission's determination.

Under this first point, appellant also asserts that she had filed a claim for compensation benefits in Oklahoma, where the deceased met his death, and she argues that, because she preferred to litigate her claim there, the Commission erred in rendering a decision as to her status as a beneficiary. We disagree.

■ Appellant's argument is based on the misconception that the proceedings before the Arkansas Commission and her claim in Oklahoma were mutually exclusive. To the contrary, all states having a legitimate interest in the injury have the right to apply their own diverse rules and standards, either separately, simultaneously or successively. *Missouri City Stone, Inc.* v. *Peters*, 257 Ark. 917, 521 S.W.2d 58 (1975). Thus, claims for compensation benefits may be instituted in both states having jurisdiction over the claim. *See Industrial Commission of Wisconsin* v. *McCartin*, 330 U.S. 622 (1946); *Missouri City Stone, Inc.* v. *Peters, supra*; *McGehee Hatchery Co.* v. *Gunter*, 234 Ark. 113, 350 S.W.2d 608 (1961). As discussed above, the question of determining the deceased's beneficiaries, under Arkansas law, was one that was properly before the Commission. That was the only determination to be made. Those proceedings provided no obstacle to appellant's pursuing her claim in Oklahoma.

Appellant next argues that the Commission's finding that she was not dependent on the deceased employee is not supported by substantial evidence. It was the appellant's testimony at the hearing that after their separation the deceased gave her $100 in cash every two weeks to help her pay bills. Although she provided no deposit records, she said that she deposited this money into her bank account. She also testified that he continued to give her money until the time of his death, and that she depended on him to help her make ends meet. She also said that she and the deceased were attempting to reconcile their differences after he separated from Veronica Hall.

In addressing this issue, we first point out that the Commission made no determination as to whether either appellant or Marva Jo was the deceased's widow as that term is defined at Ark. Code Ann. § 11-9-102(12) (1987). Instead, the Commission found that appellant had not shown that she was dependent on the deceased employee, by stating:

> Just as (Marva Jo) never made an effort to enforce whatever legal right to support she may have had from the decedent, [appellant] also following her separation from the decedent never made any attempt to enforce whatever legal right to support she may have had. Given this fact, as well as the lack of other sufficient evidence proving that

[appellant] had a reasonable expectation of support from the decedent, we find that [appellant] has failed to prove by a preponderance of the evidence that she is a beneficiary entitled to compensation benefits.

██ Dependency is a fact question to be determined in the light of the surrounding circumstances. *Doyle's Concrete Finishers* v. *Moppin*, 268 Ark. 167, 594 S.W.2d 243 (1980). The findings of the Workers' Compensation Commission must be upheld on review if there is substantial evidence to support them. *Public Employee Claims Division* v. *Tiner*, 37 Ark. App. 23, 822 S.W.2d 400 (1992). The issue on appeal is not whether this court would have reached the same results as the Commission on this record or whether the testimony would have supported a finding contrary to the one made; the question here is whether the evidence supports the findings which the Commission made. *Bankston* v. *Prime West Corp.*, 271 Ark. 727, 601 S.W.2d 586 (Ark. App. 1981). Before we can reverse a decision of the Commission, we must be convinced that fair-minded persons with the same facts before them could not have reached the same conclusion reached by the Commission. *Public Employee Claims Division* v. *Tiner, supra.*

██ The applicable statute is Ark. Code Ann. § 11-9-527(c) (1987), which provides in part that compensation for the death of an employee shall be paid to those persons who were "wholly and actually" dependent upon the deceased employee. In *Roach Mfg.* v. *Cole*, 265 Ark. 908, 582 S.W.2d 268 (1979), the court held that when the widow was not living with the employee at the time of his death, there must be some showing of actual dependency. However, the test of "actual dependency" does not require a showing of total dependence. A finding of some measure of actual support or a reasonable expectation of it will suffice. *Pinecrest Memorial Park, Inc.* v. *Miller*, 7 Ark. App. 185, 646 S.W.2d 33 (1983). Here, it was shown that the deceased and appellant had been separated for eleven months prior to his death. He had not returned to her even after his separation from Ms. Hall. Appellant was employed and, as noted by the commission, she had taken no action to seek whatever legal right to support she may have had. With regard to appellant's testimony that she was receiving support from the deceased, questions concerning the

credibility of witnesses and the weight to be given their testimony are exclusively within the province of the Commission. *Shaw* v. *Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991). In light of all the attendant circumstances, we cannot say that fair-minded persons with the same facts before them could not have reached the decision made by the Commission.

Affirmed.

COOPER and JENNINGS, JJ., agree.