FORDYCE CONCRETE and Safeco/American States Insurance v.
Charles GARTH (*Deceased*)

CA 03-689                                           139 S.W.3d 154

Court of Appeals of Arkansas
Division I
Opinion delivered December 17, 2003

*Friday, Eldredge & Clark*, by: *Guy Alton Wade*, for appellants.

*Roberts Law Firm, P.A.*, by: *Matthew C. Hutsell*, for appellee.

ROBERT J. GLADWIN, Judge. Claimant Charles Garth suffered a fatal injury on July 14, 1999, that was admittedly compensable. His representatives sought workers' compensation benefits for his widow and two minor sons, Tavarie Lamar Stewart and Tavorie Lamar Garth. The Administrative Law Judge (ALJ) awarded benefits to the minor children, but denied benefits to the widow on the grounds that she was not dependent on claimant. The widow did not appeal. The respondents appealed as to the benefits awarded to the children. The Commission affirmed the ALJ's award of benefits. Appellants argue on appeal to this court that the Commission's decision that the minor children were wholly and actually dependent on claimant at the time of his death is not supported by substantial evidence. We affirm.

The Commission gave the following history of events leading up to the claim for benefits. Tiffany Stewart began a relationship with claimant in 1988, when they lived next door to one another in Las Vegas, Nevada. Their child, Tavarie Lamar Stewart, was born on August 26, 1989. Claimant had moved from Las Vegas before Tavarie was born, but later returned for about one year. Ms. Stewart testified that Tavarie spent alternating weeks with his father until the claimant moved back to Arkansas in late 1992 or early 1993. She stated that although their visits became sporadic after that, claimant maintained consistent contact with Tavarie, regularly sending money and gifts through his brother and other family members. She further testified that claimant occasionally telephoned Tavarie, his last call being approximately one week before his death. Ms. Stewart said that claimant's family allowed Tavarie to attend claimant's funeral with them, that they continue to acknowledge him as claimant's son, and that they have maintained a relationship with him following claimant's death. Ms. Stewart applied for, but never received, formal child support. Although claimant's name does not appear on Tavarie's birth certificate, Ms. Stewart testified that he had always acknowledged Tavarie as his son and that he had asserted paternity of Tavarie on

forms he filled out for the Social Security Administration when he had applied for disability benefits.

Tavorie Lamar Garth was born on April 4, 1991, in Monroe, Louisiana, a few weeks after claimant had married the boy's mother, Felecia Garth. Claimant and Mrs. Garth separated in December of 1991, and claimant moved back to Arkansas, where he died in 1999. Mrs. Garth remained in Louisiana, and the parties never divorced. Mrs. Garth testified that Tavorie visited his father once or twice each month in either Arkansas or Louisiana and that Tavorie spent time with claimant and claimant's mother when claimant came to Louisiana. Mrs. Garth applied for, but never received, formal child support. However, she testified that claimant did give his son money and buy food and clothing for him when they were together.

Arkansas Code Annotated section 11-9-527 (Supp. 2001) provides death benefits for dependents of workers who die in work-related accidents. It states, in pertinent part, that "compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon the deceased employee . . . ." Appellants contend that a finding that the children were "wholly and actually dependent" is not supported by substantial evidence.

Before the adoption of Act 1227 of 1976, which added the requirement of being "actually dependent," benefits were payable to persons "wholly dependent." In *Chicago Mill & Lumber Co. v. Smith*, 228 Ark. 876, 310 S.W.2d 803 (1958), the supreme court stated its belief that the Legislature used the term 'wholly dependent' in the sense of applying to those ordinarily recognized in law as dependents, and thus created a conclusive presumption that a minor child is wholly dependent upon a parent. *See Doyle's Concrete Finishers v. Moppin*, 268 Ark. 167, 594 S.W.2d 243 (1980).

In interpreting the effect of the 1976 amendment, the supreme court noted in *Roach Mfg. Co. v. Cole*, 265 Ark. 908, 582 S.W.2d 268 (1979), that by inserting the phrase "and actually," the legislature apparently intended to change the conclusive presumption of dependency established under prior case law. The court concluded that when a widow and child are not living with the employee at the time of his death, there must be some showing of actual dependency. Because the widow in *Roach* had elected to support herself and made no effort during her husband's eleven-month absence preceding his death to enforce whatever legal right

to support she may have had, the court affirmed the Commission's finding that she had failed, in the language of the amended statute, to "establish in fact some dependency" upon her husband at the time of his death. However, the court also affirmed the Commission's finding that with respect to the parties' minor child, who was being supported by her mother, the same time period without legal action did not demonstrate that there was no longer any "reasonable expectation of support" from the father to the child.

In *Doyle's Concrete Finishers, supra,* the supreme court addressed the issue of whether a minor child, not living with the claimant-parent and receiving only a part of his support from that parent, was entitled to maximum death benefits. The claimant in *Doyle's Concrete* had been obligated to make child support payments, and there was testimony that he also provided child care on occasion, bought clothing and gifts for the child, and paid for the child's medical expenses. The court noted that the child's sole source of income since his father's death was a monthly social security check; that his necessary expenses would naturally increase as he grew older; and that the widow had become unable to work due to severe health problems. In affirming the Commission's decision to award maximum benefits to the child, the court stated, "Certainly, if, as in *Roach*, the child who received no financial support was entitled to maximum benefits, it must be said that a child, as here, who receives some financial support, should be entitled to no less than the maximum benefits." 268 Ark. at 171, 594 S.W.2d at 245.

■■ In *Porter Seed Cleaning, Inc. v. Skinner*, 1 Ark. App. 230, 615 S.W.2d 380 (1981), we affirmed the Commission's award of maximum dependency benefits to the child where the deceased employee was voluntarily contributing $100 a month to the support of the child, who resided with the deceased's estranged wife, and was also providing insurance for the child. We summarized the definitions of "wholly dependent" and "actually dependent" as follows:

> Under the holding in *Chicago Mill*, and *Roach*, . . . persons who are ordinarily recognized in law as dependents, including a wife and children, and to whom the employee owes a duty of support, are "wholly dependent" under our Workers' Compensation Law.

"Actually dependent," in light of the prior cases, does not require total dependency. All that is required is a showing of actual support or a reasonable expectation of support.

1 Ark. App. at 234, 615 S.W.2d at 382 (1981).

Subsequent to the passage of Act 796 of 1993, the supreme court decided *Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998), in which the Commission had awarded death benefits to a deceased employee's three children where the deceased did not have custody and did not pay child support, but was found to have contributed to the children's support in other ways, such as buying food, school clothes and supplies, and helping pay for their travel arrangements. The respondent employer and insurer appealed, arguing that the strict construction of the workers' compensation statutes, as required by Act 796 of 1993, compelled a holding that the children were not "wholly and actually" dependent on the deceased at the time of the injury, and that they were therefore not entitled to dependents' benefits.

Appellants in *Lawhon* sought to have the court define the words "wholly" and "actually" according to their dictionary definitions. The supreme court stated that appellants' view of a strict construction of this part of the statute would require the children to prove that, at the time of their father's death, they were entirely or completely dependent upon him for support. The court concluded that "[a]pplying the dictionary definitions urged by Lawhon would mean that a minor child would never be entitled to the death benefits specified in 11-9-527(c)(3) where the parents were divorced and the child received any support whatever from the surviving parent. That would be an absurd result, and we will not adopt such an interpretation. . . . We are confident our General Assembly could not have intended the result suggested by [appellants]." 335 Ark. at 281, 984 S.W.2d at 5 (1998).

Appellants in *Lawhon* further contended that our case law dealing with dependents' benefits was in conflict with Ark. Code Ann. § 11-9-527 and should not be applied to cases arising after the effective date of Act 796, which was July 1, 1993. Our supreme court held that the previous decisions interpreting the statutory language in question were not inconsistent with Act 796 of 1993 and remained controlling as the wording of Ark. Code Ann. § 11-9-527 was not changed by the Act.

The court in *Lawhon* also noted that the General Assembly is presumed to be familiar with the court's interpretations of its statutes, and if it disagrees, it can amend the statutes, as it did when the word "actually" was added to the provisions of Ark. Code Ann. § 11-9-527 subsequent to the court's decision in *Chicago Mill & Lumber Co. v. Smith, supra.* Without such amendments, however, the appellate courts' interpretations of the statutes remain the law. *Lawhon Farm Servs., supra.*

Appellants herein contend that the finding of the Commission is not supported by substantial evidence. Dependency is a fact question to be determined in the light of the surrounding circumstances. *Robinson v. Ed Williams Constr. Co.*, 38 Ark. App. 90, 828 S.W.2d 860 (1992). When the Commission makes a finding of fact, that finding carries the weight of a jury conclusion. *Bankston v. Prime West Corp.*, 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981). The decision of the Commission must stand if supported by substantial evidence. *Id.* The issue on appeal is not whether this court would have reached the same results as the Commission on this record or whether the testimony would have supported a finding contrary to the one made; the question is whether the evidence supports the findings made by the Commission. *Robinson, supra.* We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have reached the same conclusion reached by the Commission. *Id.*

Here, it was shown that the deceased had acknowledged both boys as his sons; that he had visited with them or maintained telephone contact with them; and that he had contributed, albeit sporadically, to their welfare by spending money for gifts and for certain needs such as food and clothing. The fact that the boys' mothers did not secure child-support payments or more consistent and substantive contributions from the boys' father did not mean that the boys no longer had any reasonable expectation of support from the father. *See Roach Mfg. Co., supra.* As noted in *Robinson, supra,* the test of "actual dependency" does not require a showing of total dependence; a finding of some measure of actual support or a reasonable expectation of support will suffice.

In light of all the attendant circumstances, we conclude that there was substantial evidence to support the finding of the

Commission that Tavarie Lamar Stewart and Tavorie Lamar Garth were wholly and actually dependent upon the deceased claimant, Charles Garth. Accordingly, the award of dependency benefits pursuant to Ark. Code Ann. § 11-9-527 is affirmed.

Affirmed.

GRIFFEN and ROAF, JJ., agree.