

# ARKANSAS COURT OF APPEALS

DIVISIONS I, III, & IV
No. CV-16-276

| | |
|---|---|
| J.M.E. AND A.K.E. (MINOR CHILDREN) <br><br> APPELLANTS <br><br> V. <br><br><br> VALLEY VIEW AGRI SYSTEMS, INC., GUARANTEE INSURANCE CO., AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND <br><br> APPELLEES | Opinion Delivered: NOVEMBER 2, 2016 <br><br> APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F706472] <br><br><br><br><br> REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

This is a statutory-interpretation case within the confines of the Workers' Compensation Act. Our charge is not to rewrite unambiguous workers' compensation statutes. In fact, we are statutorily prohibited from doing so. The legislature expressed the "General Assembly's intent" in the Workers' Compensation Act of 1993 when it declared that, in the future, if "the scope of the workers' compensation statutes need to be liberalized, broadened, or narrowed, those things shall be addressed by the General Assembly and should not be done by administrative law judges, the Workers' Compensation Commission, or the courts." Ark. Code Ann. § 11-9-1001 (Repl. 2012). This principle permeates this appeal and underpins the majority opinion.

The issue in this case is whether appellants J.M.E. and A.K.E., who are minor children of a deceased injured employee, are eligible for workers' compensation survivor

benefits. In a typical dependent-survivor case, the minor children of an injured employee who is receiving permanent total disability payments are entitled to workers' compensation survivor benefits upon the death of the employee. What complicates this case is that, six years after the children's father/employee sustained a catastrophic injury rendering him permanently and totally disabled, his parental rights were terminated and the two children were subsequently adopted. Eight months after the children were adopted, the two children filed for statutory survivor benefits. The Workers' Compensation Commission ruled that they were not eligible for survivor benefits because by the time the two children filed for benefits they had been adopted, which rendered them strangers to the father/employee and, therefore, no longer his dependents. The appellants now challenge that ruling on appeal. We agree that the Commission erred, and we reverse for an award of survivor benefits to the minor children of the deceased employee.

*The Facts*

The pertinent facts are undisputed. J.M.E. and A.K.E. were born in 2001 and 2004, respectively. Their biological parents are Robert Emmons and Kimberly Emmons. On June 22, 2007, Mr. Emmons suffered a catastrophic compensable injury while working for appellee Valley View Agri Systems, which rendered him a quadriplegic and permanently and totally disabled. At the time of the injury, the minor children J.M.E. and A.K.E were living with their biological parents and were dependent on Mr. Emmons for support. Mr. Emmons timely received $75,000 in benefits from the employer/insurance carrier and was receiving monthly permanent and total disability payments from the Death and Permanent Disability Trust Fund. In April 2011, DHS took custody of both children

because of dependency-neglect due, in large part, to both the father's and mother's drug use. On March 4, 2013, an order was entered that terminated both Mr. Emmons' and Mrs. Emmons' parental rights to both children. On October 1, 2013, Mr. Emmons died as a consequence of the compensable injury. On January 2, 2014, J.M.E. and A.K.E. were adopted by their new parents. On August 20, 2014, J.M.E. and A.K.E. filed their claim for survivor benefits arising from Mr. Emmons' work-related death caused by his compensable injury.[1] The Commission denied the survivor-benefits claim.

*Analysis*

When an employee sustains a compensable injury rendering the employee permanently and totally disabled, the employee is entitled to permanent and total disability payments. Ark. Code Ann. § 11-9-519 (Repl. 2012). When an employee dies as a result of the compensable injury, his dependents are entitled to survivor benefits. Ark. Code Ann. § 11-9-527 (Repl. 2012). Subsection 11-9-527(h) pointedly and unambiguously provides that "[all] questions of dependency shall be determined as of the time of the injury."

Even though the children were living with their biological father, Mr. Emmons, at the time of his compensable injury in 2007 and were being supported by him at that time, the Commission nonetheless concluded that the children were ineligible for survivor benefits. The Commission's decision was based on the fact that, before the children filed their claim for survivor benefits, they had been adopted by other parents. The Commission

---

[1] The record contains no information as to why the claim for survivor benefits was not made prior to the adoption while the children were wards of the state.

relied on an adoption statute, specifically Arkansas Code Annotated section 9-9-215(a)(1) &

(2) (Repl. 2015), which provides in pertinent part:

> A final decree of adoption . . . [has] the following effect as to matters within the jurisdiction or before a court of this state:
>
> . . . .
>
> [T]o relieve the biological parents of the adopted individual of all parental rights and responsibilities, and to terminate all legal relationships between the adopted individual and his or her biological relatives, including his or her biological parents, so that the adopted individual thereafter is a stranger to his or her former relatives for all purposes. This includes inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, which do not expressly include the individual by name or by some designation not based on a parent and child or blood relationship.
>
> . . . .
>
> To create the relationship of parent and child between petitioner and the adopted individual, as if the adopted individual were a legitimate blood descendant of the petitioner, for all purposes including inheritance and applicability of statutes, documents, and instruments, whether executed before or after the adoption is decreed, which do not expressly exclude an adopted individual from their operation or effect.

The Commission found that despite the clear language of subsection 11-9-527(h), by

operation of the adoption statute, the children became strangers to Mr. Emmons when they

were adopted, and hence, were no longer his dependents. Thus, the Commission

concluded that the children failed to prove that they were statutory beneficiaries, and that

they were not entitled to survivor benefits. To avoid the consequences of the application

of the clear language in subsection 11-9-527(h) of our workers' compensation law, the

Commission employed the legal fiction that because the children had been adopted they

were deemed the children of the adoptive parents from birth and therefore, on the date of

injury, the children were actually the children of the adoptive parents and not the children of the injured employee.

In this appeal, J.M.E. and A.K.E. argue that the Commission erred in determining their dependency status as of the date they filed their claim, instead of as of the date of their biological father's compensable injury, thereby wrongfully denying them survivor benefits under the applicable workers' compensation law. We find appellants' argument to have merit.

Typically, we review decisions of the Workers' Compensation Commission using the substantial-evidence standard of review. *See Thompson v. Superior Indus.*, 2012 Ark. App. 335, 463 S.W.3d 748. However, here the facts are undisputed and we simply have an issue of applying the facts to the law. The question of the correct application of a statute is a question of law, which this court decides de novo. *Broussard v. St. Edward Mercy Health Sys., Inc.*, 2012 Ark. 14, 386 S.W.3d 385. Moreover, pursuant to Arkansas Code Annotated section 11-9-704(c)(3), we construe the provisions of the Workers' Compensation Act strictly.

The ultimate issue in this case is under what circumstances a dependent child's survivor benefits can be terminated. The workers' compensation statutory scheme provides us with the answer. There is no need to look outside the confines of the workers' compensation scheme, as the Commission did, to extrapolate an answer. Arkansas Code Annotated section 11-9-527(c) generally describes the benefits allowable to dependents of deceased employees, including children's benefits. Subsection (d)(2) prescribes how a child, grandchild, brother or sister's dependency may be terminated:



(d) TERMINATION OF DEPENDENCE.

(2) A physically or mentally incapacitated child, a grandchild, brother or sister shall be entitled to compensation as a dependent of the deceased employee without regard to age or marital status, but if physically or mentally capacitated to earn a livelihood, dependency shall terminate with the attainment of eighteen (18) years of age or upon marriage. However, benefits to an otherwise eligible child shall not terminate at the age of eighteen (18) years provided the child is a full-time student who has not attained the age of twenty-five (25) years.

Subsection (d)(2) provides that a child's dependency can be terminated at the age of eighteen if he is capable of earning a livelihood and is not a full-time student less than twenty-five years of age. The circumstances delineated in subsection (d)(2) are the only circumstances set forth in the Arkansas Workers' Compensation Act that allow or require termination of a child's dependency status. However, the Commission expanded the statutory criteria to terminate a minor's dependency to include deceased employees' children who have been adopted. The clear language of the applicable statute does not allow for termination of a minor child's survivor benefits upon termination of the employee's parental rights or adoption. Our duty is to apply the unambiguous statute.

Recognizing that future conduct of the parents could affect the dependency status of children and their corresponding rights to benefits, the legislature specifically created subsection (h) to answer the question of when dependent status is determined. Because of countless possibilities that may occur in the future with regard to parents and their children, the legislature provided us with a clear directive in subsection (h), stating "[a]ll questions of dependency shall be determined *at the time of the injury*." (emphasis added).[2] This directive

---

[2]To the extent there is any conflict between this provision in our workers' compensation law and the adoption statutes found in another section of the Arkansas Code, our supreme court has held that it is blackletter law for statutory construction to give effect

is simple and unambiguous. Dependency is determined at the time of injury. Here, there is no question that the minor children were dependent on the deceased employee at the time of injury. The minor children are considered dependents unless something terminates that status under subsection (d)(2), and in this case there was nothing to terminate the appellants' status as dependents.

It should not be overlooked that the legislature did provide additional hurdles for proving entitlement to survivor benefits for widows and widowers, but not for children. Where the claimant of the deceased employee is a dependent spouse, that dependent spouse must not only be a dependent at the time of injury under subsection (h), that dependent spouse must also prove that he or she is, in fact, dependent on the deceased employee at the time of death. Arkansas Code Annotated § 11-9-527(c)(1)(A)(ii) provides, "However, the widow shall establish, *in fact*, some dependency upon the deceased employee before she will be entitled to benefits as provided in this section."[3] (emphasis added). The legislature, as it is entitled to do, created an additional hurdle for spouses that it did not create for children.

It is the General Assembly's responsibility to liberalize, broaden, or narrow the scope of workers' compensation statutes—not ours nor the Commission's. *See* Ark. Code Ann. § 11-9-1001. Here, by adding adoption to the grounds upon which a child's dependency status may be terminated, the Commission impermissibly broadened the scope of the statute. Our mandate is to apply the unambiguous statutes, and any change to the law should be left

---

to the specific statute over the general. *See Searcy Farm Supply, LLC v. Merchs. & Planters Bank*, 369 Ark. 487, 256 S.W.3d 496 (2007).

[3]The same hurdle is set forth in section (B)(ii) with respect to widowers.

to the legislature. Because the undisputed facts established that the appellants were, in fact, dependent on the deceased employee, their biological father, at the time of the compensable injury, and there were no circumstances within the Workers' Compensation Act terminating their dependency status, we hold that the Commission erred in denying appellants' claim for survivor benefits. Accordingly, we reverse and remand for an award of appropriate survivor benefits commencing on the date of the death of the deceased employee and continuing through the date on which Arkansas Code Annotated section 11–9–527(d)(2) would operate to terminate J.M.E.'s and A.K.E.'s dependency status.

Reversed and remanded.

ABRAMSON, HARRISON, WHITEAKER, and HOOFMAN, JJ., agree.

GLADWIN, C.J., and GRUBER, VAUGHT, and BROWN, JJ., dissent.

**WAYMOND M. BROWN, Judge, dissenting.** I respectfully dissent from the majority's opinion finding that appellants are entitled to survivor's benefits even though they had been adopted at the time they sought benefits. I agree that the pertinent facts of this case are undisputed. However, the majority fails to include in its recitation of facts that when appellants were adopted on January 2, 2014, the adoption order provided that their last names be changed and their birth certificates reflect the names of their adoptive parents as of the date of their births. Therefore, the Commission did not employ a "legal fiction" that the appellants were considered the children of their adopted parents from birth; the order specifically dictated that this was the case.

The only legal fiction in this case is the majority's insistence that the workers' compensation law is a self-contained law. However, no law is self-contained. All laws must operate together in order to achieve a legal and just result.

When reviewing a decision of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to its findings and affirm that decision if it is supported by substantial evidence.[1] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[2] When the Commission adopts the conclusions of the ALJ, as it is authorized to do, this court considers both the decision of the Commission and the decision of the ALJ.[3] The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision.[4]

Arkansas Code Annotated section 11-9-527(c) provides death benefits for dependents of workers who die as a result of work-related accidents. The statute states that "compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon the deceased employee[.]"[5] "Actually dependent" does not

---

[1]*Inskeep v. Emerson Elec. Co.*, 64 Ark. App. 101, 983 S.W.2d 132 (1998).

[2]*Kimbell v. Ass'n of Rehab Indus.*, 366 Ark. 297, 235 S.W.3d 499 (2006).

[3]*See Death & Perm. Total Disability Trust Fund v. Branum*, 82 Ark. App. 338, 107 S.W.3d 876 (2003).

[4]*Inskeep, supra.*

[5]Ark. Code Ann. § 11-9-527(c).

SLIP OPINION

require total dependency but rather a showing of actual support or a reasonable expectation of support.[6]  Subsection (h) provides that "[a]ll questions of dependency shall be determined as of the time of the injury."[7]  Dependency is a fact question to be determined in light of the surrounding circumstances.[8]  When the Commission makes a finding of fact, that finding carries the weight of a jury conclusion.[9]

With exceptions not applicable here, Arkansas Code Annotated section 9-9-215(a)(1) provides that the effect of a final decree of adoption is to terminate all legal relationships between the adopted individuals and their biological relatives, including the biological parents, so that the adopted individuals are thereafter strangers to their former relatives for all purposes.  This includes inheritance and the interpretation or construction of statutes.

Appellants argue that the evidence does not support the Commission's decision to deny them survivor's benefits.  They contend that the Workers' Compensation Act is a stand-alone law and that the Commission erred in ruling that the dependency statute was trumped by the adoption statute.  We acknowledge that this is a very unique situation that has not been decided in Arkansas.  However, the clear language of the adoption statutes states that a final decree of adoption terminates all legal relationships between the adopted children and the biological parents, including the interpretation of statutes.  Thus, although

---

[6]*Lawhon Farm Servs. v Brown*, 60 Ark. App. 64, 958 S.W.2d 538 (1997).

[7]Ark. Code Ann. § 11-9-527(h).

[8]*Fordyce Concrete v. Garth*, 84 Ark. App. 256, 139 S.W.3d 154 (2003).

[9]*Id.*

appellants were dependent on Robert at the time of his injury, their adoption in January 2014 terminated their relationship with him and made them legal strangers to him. Therefore, when their attorney made an appearance for them on August 20, 2014, they were legal strangers to Robert and were not entitled to survivor's benefits following Robert's death for his work-related injury.

GLADWIN, C.J., and GRUBER and VAUGHT, JJ., join in this dissent.

*Law Offices of James W. Harris*, by: *James W. Harris*, for appellants.

*David L. Pake*, for appellee Death & Permanent Total Disability Trust Fund.