Waymond M. Brown, Judge, dissenting. I respectfully dissent from the majority’s opinion finding that appellants are entitled to survivor’s benefits even though they had been adopted at the time they sought benefits. I agree that the pertinent facts of this case are undisputed. However, the majority fails to include in its recitation of facts that when appellants were adopted on January 2, 2014, the adoption order provided that their last names be changed and their birth certificates reflect the names of their adoptive parents as of the date of their births. Therefore, the Commission did not employ a “legal fiction” that the appellants were considered the children of their adopted parents from birth; the order specifically dictated that this was the case. |sThe only legal fiction in this case is the majority’s insistence that the workers’ compensation law is a self-contained law. However, no law is self-contained. All laws must operate together in order to achieve a legal and just result. When reviewing a decision of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to its findings and affirm that decision if it is supported by substantial evidence.[1] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[2] When the Commission adopts the conclusions of the ALJ, as it is authorized to do, this court considers both the decision of the Commission and the decision of the ALJ.[3] The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission’s conclusion, we must affirm its decision.[4] Arkansas Code Annotated section 11-9-527(c) provides death benefits for dependents of workers who die as a result of work-related accidents. The statute states that “compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon the deceased employee])]”[5] “Actually dependent” does not |1flrequire total dependency but rather a showing of actual support or a reasonable expectation of support.[6] Subsection (h) provides that “[a]ll questions of dependency shall be determined as of the time of the injury.”[7] Dependency is a fact question to be determined in light of the surrounding circumstances.[8] When the Commission makes a finding of fact, that finding carries the weight of a jury conclusion.[9] With exceptions not applicable here, Arkansas Code Annotated section 9-9-215(a)(1) provides that the effect of a final decree of adoption is to terminate all legal relationships between the adopted individuals and their biological relatives, including the biological parents, so that the adopted individuals are thereafter strangers to their former relatives for all purposes. This includes inheritance and the interpretation or construction of statutes. Appellants argue that the evidence does not support the Commission’s decision to deny them survivor’s benefits. They contend that the Workers’ Compensation Act is a stand-alone law and that the Commission erred in ruling that the dependency statute was trumped by the adoption statute. We acknowledge that this is a very unique situation that has not been decided in Arkansas. However, the clear language of the adoption statutes states that a final decree of adoption terminates all legal relationships between the adopted children and the biological parents, including the interpretation of statutes. Thus, although 11 appellants were dependent on Robert at the time of his injury, their adoption in January 2014 terminated their relationship with him and made them legal strangers to him. Therefore, when their attorney made an appearance for them on August 20, 2014, they were legal strangers to Robert and were not entitled to survivor’s benefits following Robert’s death for his work-related injury. Gladwin, C.J., and Gruber and Vaught, JJ., join in this dissent. . Inskeep v. Emerson Elec. Co., 64 Ark. App. 101, 983 S.W.2d 132 (1998). . Kimbell v. Ass’n of Rehab Indus., 366 Ark. 297, 235 S.W.3d 499 (2006). . See Death & Perm.Total Disability Trust Fund v. Branum, 82 Ark. App. 338, 107 S.W.3d 876 (2003). . Inskeep, supra. . Ark. Code Ann. § ll-9-527(c). . Lawhon Farm Servs. v Brown, 60 Ark. App. 64, 958 S.W.2d 538 (1997). . Ark. Code Ann. § 1 1-9-527(h). . Fordyce Concrete v. Garth, 84 Ark. App. 256, 139 S.W.3d 154 (2003). . Id.