LARRY D. VAUGHT, Judge
Pulaski County Special School District (PCSSD) appeals the order entered by the Pulaski County Circuit Court finding that the Arkansas Freedom of Information Act (AFOIA) required it to provide electronic copies of documents requested by Stephen Nicholas Delaney at no cost. On appeal, PCSSD argues that the circuit court erred in finding that it was required to provide electronic copies of documents to Delaney because the requested records were not readily available or readily convertible to electronic form and because PCSSD is not required to create a record. We affirm.
On January 11, 2018, Delaney emailed PCSSD a request for fourteen records pursuant to the AFOIA; copies of invoices *422 from five law firms; signed contracts and change orders from two architecture firms and one construction company related to construction projects at Robinson Middle and Mills High Schools; the "Total Construction" file presented at the April 11, 2017 school-board meeting; summaries of financial reports for September, November, and December 2017; and the "Boardbook" from the March 14, 2017 school-board meeting. Delaney requested that the copies be provided to him "in electronic format." PCSSD responded to Delaney's request the same day it was received and requested additional time to produce the copies.
On January 22, 2018, PCSSD advised Delaney that paper copies of the records he requested were ready for pickup at its central office and that the cost for the 1,816 copies (at fifteen cents per page) was $ 272.40. The following day, January 23, Delaney brought a $ 272.40 cashier's check to the central office but because he did not show identification, the records were not provided to him. On February 22, 2018, Delaney emailed PCSSD asking for a waiver of the fee and requesting-again-that the documents be provided to him electronically. PCSSD did not waive the fee or provide the records in an electronic format.
On April 4, 2018, Delaney filed a complaint in the circuit court alleging that PCSSD violated the AFOIA by failing to provide him copies of the documents he requested in an electronic format, by charging him costs greater than the actual costs of reproduction, and by failing to provide the paper copies of the documents when he tendered payment. At trial, the issues presented were limited to (1) whether the AFOIA required PCSSD to provide electronic copies of the requested records to Delaney at no charge; and (2) whether a charge of fifteen cents per page for paper copies is proper under AFOIA.
Deborah Rausch is the executive director of communications for PCSSD and its custodian of records. She testified at trial that she received Delaney's January 11, 2018 AFOIA request and that it was too voluminous to provide to him electronically. She said that most of the documents he requested were in paper form, had to be scanned, and her scanner would scan only twenty pages at a time, which meant she would have to scan approximately ninety sets of pages. She testified that this task would have taken her all day. Rausch also testified that she had made electronic copies for Delaney in the past, but it had been only a couple of pages. According to Rausch, another reason the records were not provided electronically was because she had to print many of the records to make redactions by hand; however, she did not remember what percentage of the documents required redactions.
Chief Technology Officer for PCSSD, Will Reed, testified that when an AFOIA request is made, his department pulls the information and sends it to Ricoh-its in-house third-party printing contractor. Reed said that the law-firm invoices, signed contracts, and change orders were paper records (that had to be scanned) after they were redacted. He stated that he often helps redact records. Reed stated that the "Boardbook" was not available in an electronic PDF at the time of Delaney's request; therefore, it had to be printed and then scanned. He testified that the financial records were available electronically.
Reed further stated that the documents requested by Delaney were from different PCSSD departments and in different formats; therefore, to preserve the "fidelity" of the AFOIA request, it was best to print out all the documents requested, which permitted PCSSD to retain a copy. Reed *423 further testified that he has access to all the PCSSD scanners and that each scanner will scan between twenty and forty pages at a time. He added that Ricoh has scanners that can scan about 150 pages at a time and that PCSSD has to pay extra for that service.
Russell Racop, a third-party witness called by Delaney, testified that in the past he had sent AFOIA requests to PCSSD for documents in an electronic medium. He stated that he received the documents electronically, they had been redacted, and he was not charged a fee. He also testified that he had received one email from PCSSD containing fifty pages of documents.
At the conclusion of the trial, the circuit court orally ruled that the AFOIA required PCSSD to provide Delaney electronic copies of the requested records by scanning them at no charge.[1] The court entered an order on September 17, 2018, restating this finding and further finding that PCSSD has the ability to scan and convert the records into an electronic format and that there was no evidence demonstrating what percentage of the requested documents required redaction. On appeal, PCSSD challenges the circuit court's finding that it was required to provide electronic copies of documents requested by Delaney. It argues that the requested records were not readily available or readily convertible to electronic form and that the AFOIA does not require PCSSD to create a record.
The appropriate standard of review on appeal from a bench trial is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. Daugherty v. Jacksonville Police Dep't , 2012 Ark. 264, at 5, 411 S.W.3d 196, 199. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. Id. at 5-6, 411 S.W.3d at 199.
The AFOIA, found in Arkansas Code Annotated section 25-19-105(a)(2)(A) (Supp. 2017), provides that a citizen may make a request to the custodian of public records to "inspect, copy, or receive copies of public records."[2] Our supreme court has explained that we liberally interpret the AFOIA to accomplish its broad and laudable purpose that public business be performed in an open and public manner. Daugherty , 2012 Ark. 264, at 7, 411 S.W.3d at 200. Furthermore, we broadly construe the AFOIA in favor of disclosure. Id. at 7-8, 411 S.W.3d at 200.
In this appeal, PCSSD first argues that the circuit court erred in finding that the AFOIA required it to provide electronic copies of paper records to Delaney at no charge because the requested records were not "readily available" or "readily convertible" to electronic form. Section 25-19-105 provides:
(d)(2)(A) Upon request and payment of a fee as provided in subdivision (d)(3) of this section, the custodian shall furnish copies of public records if the custodian *424 has the necessary duplicating equipment.
(B) A citizen may request a copy of a public record in any medium in which the record is readily available or in any format to which it is readily convertible with the custodian's existing software.
Ark. Code Ann. § 25-19-105(d)(2)(A)-(B). Therefore, the AFOIA requires that an agency, upon request, furnish records in a medium or format in which the records are not maintained, as long as conversion to the new medium or format is readily achievable. John J. Watkins, Richard J. Peltz-Steele & Robert Steinbuch, The Arkansas Freedom of Information Act § 3.05[f] n.896 (6th ed. 2017).
"Medium" means the physical form or material on which records and information may be stored or represented and may include, but is not limited to, paper, microfilm, microform, computer disks and diskettes, optical disks, and magnetic tapes. Ark. Code Ann. § 25-19-103(4). In other words, the "medium" of a record refers to the physical vessel containing the record. Watkins et al., supra § 3.05[f]. A citizen may request a copy of a public record in paper form in any medium in which the record is readily available. Ark. Code Ann. § 25-19-105(d)(2)(B).
"Format" means the organization, arrangement, and form of electronic information for use, viewing, or storage. Ark. Code Ann. § 25-19-103(3). This provision applies to electronic records such that the "format" of a record is the method by which the record contents are encoded so that computers or other electronic devices can read and manipulate the information. Watkins et al., supra § 3.05[a], [f]. A citizen may request a copy of a public record in electronic form in any format in which the record is readily convertible. Ark. Code Ann. § 25-19-105(d)(2)(B).
Based on these definitions, we divide Delaney's request into two categories: electronic records and paper records. According to the evidence, requests 11-13 (the financial records) were electronic records. There is no evidence of how many of the 1816 total pages of records were the financial records, and there is no evidence that the financial records had to be redacted. Nevertheless, PCSSD did not provide Delaney the electronic financial records in an electronic format as requested. The only evidence offered by PCSSD as to why it did not provide the electronic financial records to Delaney in an electronic format was that PCSSD preferred to maintain the "fidelity" of AFOIA requests and keep a paper copy of all the documents provided in response to an AFOIA request. However, PCSSD's preference is not a sufficient reason to deny Delaney's request to have the electronic financial records provided to him in electronic form. Because the evidence is undisputed that the financial records were in an electronic format and there is no evidence that they were not readily convertible, we hold that the circuit court did not clearly err in requiring PCSSD to provide the financial records to Delaney in an electronic format.
Delaney's records requests 1-10 and 14 were in paper form and had to be scanned. We must determine whether these paper records were readily available in an electronic medium. This issue was discussed in a 2009 opinion of the Arkansas Attorney General. There, a public-water entity received an AFOIA request for 20,000 paper records in an electronic medium. The paper records would have to be removed from files, unstapled, copied, redacted, manually scanned into a computer, manipulated as necessary, and downloaded onto a disk. The entity had the equipment to accomplish the request. The opinion discussed whether, under these facts, the paper *425 records were readily available in an electronic medium; therefore, whether the entity was required to comply with the AFOIA. Op. Ark. Att'y Gen. No. 186 (2009). The opinion concludes that whether a paper record is readily available in an electronic medium that does not currently exist is a question of fact.
In my opinion, the custodian bears the burden of assessing all the applicable facts to determine whether the requested records are readily available. Custodians should be prepared to justify their factual determination.... Two of the most salient factual issues are the sophistication of the custodian's scanning equipment and the number of documents the requester seeks.
Id.
In the case at bar, the evidence showed that Delaney requested 1816 total pages, although there is no evidence how many of those pages were in the paper medium. There was also evidence of the sophistication of PCSSD's scanning equipment and the district's ability to convert the paper records into an electronic medium. Rausch testified that she has a scanner along with a computer, printer, and email. She testified that she can and does scan some documents and email them to citizens. She stated, "[I]f it's reasonable, I absolutely do [scan records]." Moreover, Reed testified that he has access to all the scanners in PCSSD and that they can scan between twenty and forty pages at a time. Reed also testified that PCSSD's print-shop contractor has scanners that can scan "massive amounts"-about 150 pages at a time.[3] Reed testified that he often helps redact records for AFOIA requests. Finally, there was evidence that another citizen (Racop) had made AFOIA requests to PCSSD seeking electronic records, that he received more than seventy documents electronically, that some of the documents he received electronically had been redacted, and that he had received one email that contained more than fifty pages of records.
The circuit court found that the "evidence presented at the hearing established that [PCSSD] had the ability to scan documents and provide them electronically" and that they were readily available in an electronic medium. Based on the evidence in this case, we hold that the circuit court did not clearly err making this finding. See Watkins et al., supra § 3.05[f] (stating that a request may appropriately ask for photocopies, scanned documents saved to a CD or DVD, or scanned copies sent via email, as long as they agency has a copier, scanner, a CD or DVD burner, or email capability, respectively).
PCSSD's primary argument in opposition to the circuit court's ruling is that the request was too voluminous or burdensome; therefore, not readily available. It contends that Delaney requested over 1800 records and that PCSSD's scanning equipment would only allow between twenty and thirty pages to be scanned at a time; therefore, Rausch would have to scan approximately ninety stacks of paper-a process that would have taken her all day.
A similar argument was raised and rejected in Daugherty. There, the appellee refused to comply with the appellant's AFOIA request for copies of video and audio recordings because the request was "too broad and burdensome." 2012 Ark. 264, at 2, 411 S.W.3d at 198. The appellee's refusal further stated that there were over 400 separate recordings and incidents and that duplication would take too much time and *426 was too broad of a request. Id. , 411 S.W.3d at 198. The circuit court found that the appellee's refusal did not violate the AFOIA. On appeal, the supreme court reversed, holding that nothing in the AFOIA allows a public agency to decline to reply to a request on that basis. Id. at 7, 411 S.W.3d at 200. The supreme court held that the appellee's refusal to comply with the request was in direct conflict with the Act and with its case law interpreting the Act. Id. , 411 S.W.3d at 200. "The AFOIA does not give the custodian of records the power to pick and choose which requests it may comply with." Id. at 8, 411 S.W.3d at 201. See also Op. Ark. Att'y Gen. No. 141 (2012) (opining that a custodian may not refuse to honor an AFOIA request on the grounds that it will require the production of a large number of documents and take a great deal of time and resources in which to respond).[4]
PCSSD's final argument is that the circuit court's finding that it was required to provide Delaney electronic copies of records effectively ordered PCSSD to create a record, which is not required under the AFOIA. Ark. Code Ann. § 25-19-105(d)(2)(C) ("A custodian is not required to compile information or create a record in response to a request made under this section."). However, PCSSD did not make this argument below. When an issue was not raised below, it is not preserved for appellate review. Finley v. Farm Cat, Inc. , 103 Ark. App. 292, 297, 288 S.W.3d 685, 690 (2008). Moreover, there was no ruling by the circuit court on this argument. It is well settled that to preserve arguments for appeal, even constitutional ones, the party making the argument must obtain a ruling below. City of Pine Bluff v. S. States Police Benev. Ass'n, Inc. , 373 Ark. 573, 579, 285 S.W.3d 217, 222 (2008). Therefore, this argument is not preserved.
Affirmed.
Gladwin and Hixson, JJ., agree.

The circuit court further found that the charge of fifteen cents per page for paper copies was not reasonable under the AFOIA. This finding is not challenged on appeal.

For a record to be subject to the AFOIA and available to the public, it must (1) be possessed by an entity covered by the AFOIA, (2) fall within the AFOIA's definition of a public record, and (3) not be exempted by the AFOIA or other statutes. Daugherty, 2012 Ark. 264, at 6-7, 411 S.W.3d at 200. In the case at bar, there is no dispute that the documents sought by Delaney fall within the Act's definition of public records.

While Reed stated that PCSSD has to pay extra for that service, there was no evidence about what that charge would be.

PCSSD's secondary argument under this point is that it complied with the AFOIA request because it offered Delaney a paper copy of the records he requested. PCSSD argues that it had to make a paper copy in order to make redactions and in order to maintain the fidelity of the request. However, there is no provision within section 25-19-105 that permits a custodian to decide what medium it will provide records to a citizen based on the number of records it must redact or based on its preference to have a hard copy of documents produced pursuant to an AFOIA request.